**E-FILED**
Thursday, 30 April, 2015  07:28:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BASHIR OMAR, #N-61783,
             Plaintiff,

                              CASE NO.: _____

        VS.


SGT. MICHAEL S. ROBESON OF THE WICC,
C/O BROOKS OF THE WICC,
LT. ROBERT P. FISHEL OF THE WICC,
C/O VOLK OF THE WICC,
C/O WOODWARD OF THE WICC,
LT. ROBERT E. HUGHES OF THE MENARD,
C/O JASON N. HART OF THE MENARD,
RICHARD HARRINGTON, WARDEN OF THE MENARD,
MELISSA PHOENIX, COUNSELOR OF THE MENARD,
S.A. GODINEZ, DIRECTOR OF THE ILL. DEPT. OF CORR.,
TARRY WILLIAMS, WARDEN OF THE WICC,
JENNIFER JOHNSON, MEDICAL STAFF OF THE WICC, AND
RANDY PFISTER, WARDEN OF THE PONTIAC, AND
JANE/JOHN DOES OF THE ILL. DEPT. OF CORR.,
             Defendants.


COMPLAINT


        THIS IS A CAUSE OF ACTION brought pursuant
to 42 U.S.C./Section 1983, the CIVIL RIGHTS ACT of the

- 1 -

relevant hereto, employed as the Director of the IDOC (means he got responsibility to ensure that plaintiff get access to the court and be provided with all basic needs as well as ensured the staffs followed all laws and rules applicable to the IDOC and have final approval or say in all disciplinary and transferred matters, which includes segregation-matters) and one of the Defendants hereof; and

K. TARRY WILLIAMS ("Williams"), at all times relevant hereto, employed as the Warden (or chief Administrative officer/CAO) of WICC and one of the Defendants hereof because he witnessed the plaintiff get tortured as far as beating and butt-naked as described herein where he was required to stop as being head official; and

L. JENNIFER JOHNSON ("Ms. Johnson"), at all times relevant hereto, medical staff of WICC and one of the Defendant hereof who lied about giving or trying to give plaintiff medical attention when tortured as stated herein at WICC as well as she knew that ~~Sgt.~~ Robeson, Lt. Fishel and C/o Volk never had any injuries, etc.; and

M. RANDY PFISTER ("Pfister"), at all times relevant hereto, employed as the Warden of Pontiac and one of the Defendants hereof, who was responsible for overall supervision of prisoners/staffs and conditions within Pontiac; and

N. JANE/JOHN DOES ("Doe/Does"), at all times relevant hereto, are or were involved somehow in matters (including any evidence with-held or distorted) herein that violated the plaintiff's rights as set-forth herein, which includes any connection to the Illinois court of claims, but whose names not known yet by the Plaintiff but probably available by Discovery/subpoena-process.

-4-

United States of America ("U.S.A.", or "U.S.") for various violations of the Plaintiff's Rights under the U.S. Constitution ("Const.") by all the Defendants named herein in their individual capacities while employed within the Illinois Department of Corrections ("Ill. Dept. of Corr.", or "IDOC") and acting under the color of State-Law. Furthermore, the Plaintiff is invoking the Honorable Court, pursuant to Jurisdiction and Supplemental Jurisdiction under 28 U.S.C. Sec. 1331 and 28 U.S.C./Sec. 1343 (a)(3) with 28 U.S.C./Sec. 1367(a)(1) as appropriate. Finally, the Plaintiff is seeking, as applicable herein, Justice and Relief under the Imminent Danger of Serious Needs/Physical Injury - clause pursuant to 28 U.S.C. 1915(g).

I.  PLAINTIFF :

   A.  Name : BASHIR  OMAR under the IDOC# N-61783
   B.  List all aliases :  None
   C.  Place of present confinement : Pontiac Correctional Center of the IDOC ("Pontiac")
   D.  Address :  700 W. Lincoln Street P.O. Box 99, Pontiac, IL  61764

II.  DEFENDANTS :

   A.  Sergeant ("Sgt") Michael S. Robeson ("Sgt. Robeson"), at all times relevant herein, one of the Defendants employed at the Western Illinois Correctional Center ("WICC") —— whereas, the Sgt. ranks above

-2-

correctional officer ("c/o") of the IDOC and just below
a Lieutenant ("Lt.") of the IDOC;

B. C/o Brooks, at all times relevant herein,
employed at the WICC and one of the Defendants herein;

C. LT. Robert P. Fishel ("Lt. Fishel"), at all
times relevant herein, employed at the WICC and
one of the Defendants herein;

D. C/o Volk of the WICC, at all times relevant
herein, employed at the WICC and one of the Defendants herein;

E. C/o Woodward, at all times relevant herein,
employed at the WICC and one of the Defendants herein;

F. Lt. Robert E. Hughes ("Lt. Hughes"),
at all times relevant herein, employed at the Menard
Correctional Center of the IDOC ("Menard") and one
of the Defendants herein;

G. C/o Jason N. Hart ("C/o Hart"), at all times
relevant herein, employed at the Menard and one of
the Defendants herein;

H. Richard Harrington ("Harrington"), at all
times relevant herein, employed as the Warden of
the Menard and one of the Defendants herein;

I. Melissa Phoenix ("Phoenix"), at all times
relevant herein, employed as a counselor at the
Menard to assist prisoners in all matters outside of
Disciplinary matters and one of the Defendants herein;

J. S.A. Godinez ("Godinez"), at all times

-3-

STATE AND FEDERAL COURTS IN THE UNITED STATES

A. The Plaintiff hasn't filed any lawsuit in over fifteen (15)-Years in any Federal (including no Habeas Corpus' Action and Appeals/Certiorari) and the Plaintiff don't have any data on all the ones he filed mainly in Northern District of Illinois before the year of 2000; and

B. The Plaintiff filed lawsuits in the Illinois Court of Claims on several occasions —— whereas, this Court is established to hear matters against the state where only Soveignty Immunity is waived. However, the Plaintiff presently don't have anything filed in that court; and

C. The Plaintiff filed lawsuits in the Circuit Courts of Illinois that are Randolph-County, Sangamon-county and Will County as well as Livingston County and the Fourth District Appellate court were he presently a matter each pending under #2014 MR 000120 for Livingston County and # 4-14-0993 for the Illinois Appellate court above.

## IV. STATEMENT OF CLAIMS

1. First, it must be noted herefor, that all the claims stated hereinafter involving WICC, Menard and Pontiac all stem from or happen while the Plaintiff in Segregation for a Disciplinary Report ("D.R.") written on May 9, 2013

-5-

as discribed on how the Plaintiff was falsely disciplined while how excessive force used against herein ——— whereas, the Plaintiff would never subjected to any of the acts if wasn't wrote a D.R. or Truth would be told and applied legally.

2. On May 9, 2013 while the Plaintiff was assigned to College in the WICC, the following occurred between approximately 10:00 a.m. and 2:00 p.m. :

(a) There were several of prisoners (including the Plaintiff), among other things, and just coming from the Library, were being shock-down/Pat-search without any type warn or allowing the Plaintiff to take his pen/pencil out of his pocket that never crossed the Plaintiff's Mind where Lt.= Fishel just when in the Plaintiff's pocket and accidentally poked his finger jand

(b) Among other things, and after the Plaintiff had handcuffs on from back of his body while on his knees with chemical agent/mace in the Plaintiff's Mouth and nose as well as burning both of his eyes preventing the Plaintiff doing any bodily harm to anyone (especially, the Lt. and personnels since they had the plaintiff outnumbered and trained to know what steps to take under them circumstances), Lt. Fishel and C/o Volk with C/o Woodward and other personnels punished/punched and kicked the Plaintiff several times in the face and Body (including Woodard Kicking him in Penis Area) while just before that some personnel choking the plaintiff with

his coat pulled over whole face and head until the Plaintiff started hollering that coat was choking him to death where the coat took away as well as c/o volk stuck his fingers in the Plaintiff's right-eye doing some damage; and

(c) Then several personnels picked up the Plaintiff after everything in paragraph-two(a)(b) above and threw the Plaintiff's head into doorways leading outside a few times until he reached outside unit-three(3); and

(d) While the Plaintiff was outside as indicated above, the personnels/staffs that includes Sgt. Robeson and c/o Brooks somehow was dragging and physically hitting the Plaintiff while he was cuffed from the Back with chemical Agent choking and burning the Plaintiff's eyes all the way up until he was inside the segregation in the WICC (Must see surveillance-video outside of the units); and

(e) As soon as the people/personnels in paragraph-two(a)(d) above got the Plaintiff in the segregation as indicated thereof, they brutally took off the Plaintiff's clothings after they took the Handcuffs off him and brutally kicked him several times while beating him in any way to humiliated the Plaintiff; and

(f) The Plaintiff was forced in the WICC's Segregation-cage completely naked immediately after all things happen to him as indicated above, which the Plaintiff was for a few hours while women-personnels

-7-

were humiliated him and without any medical treatment that allowed the Plaintiff to suffered from chemical agent while in pain until he loudy called for WICC's crisis-team where two(2)-wardens and Lt. were present during humiliated and pain that he reported to them before he called the crisis team and after that, among other things, the Plaintiff was only given a little-towel that had excrement or some-fool looking and smelling brown stuff on it (that experience says that what it was); and

(g) After everything above that the Plaintiff went through, and after he was back in WICC's segregation-cage, two(2) Lts forced the Plaintiff to have handcuffs on both of wrists to point that they painfully squeezing where immediately told them but one of the Lt. said enjoy the painful drive — whereas, the Plaintiff never ~~was~~ was resisting or attacking anybody during anytime mentioned everywhere above — So, the Plaintiff was transferred from the WICC to Menard in serious pain from the physical attacks and squeezing handcuffs above all way up until the personnels removed them handcuffs at Menard; and

(h) After getting medical attention at Menard regarding everything above as far as the Plaintiff abuse, the Plaintiff's wrists were swollen for over a week with the pain he had to suffered a few days in different parts of his body and right-eye (that includes his)

- 8 -

genital area and parts where got scars).

(see attached Affidavits hereto as Exhibits' A to c(2).)

3. Among other things, Sgt. Robeson wrote a Disciplinary Report of the IDOC ("D.R.") regarding when he and other WICC's personnels brutalized and humiliated the Plaintiff as fully described above as covered up therefor and know well that he will strongly do extra year in segregation besides the other D.R. written by Lt. Fishel for the same or similar facts that aggregated to two(2)-years where similar situations prisoner only received a year therefor and the Illinois Compiled Statutes ("ILCS" — State's Laws of Illinois) only allowed for a year when facts warrant it as well as the D.R. being completely fabricated in conspiratory fashion with other personnels of the IDOC/WICC that possibly on surveillance-camera (security-video) of all or parts of that D.R. (see 730 ILCS 5/3-3-1 et seg. and 730 ILCS 5/3-8-7 et seg. with 730 ILCS 5/3-7-4 and the IDOC's rules implemented therefor). See attached Grievance hereto as Exhibit-D/1 to D/2 for more details therefor.

4. Now, in regards to the D.R. in paragraph ("par.")-three(3) above, well over the IDOC's Rule-14-Days' Time-Frame for hearing any D.R. against prisoners (unless reasonable excused is given for extending the hearing therefor — whereas, none was ever presented in the final Summary Report for hearing D.R. ("Summary-R")) the Plaintiff appeared before the Menard's Adjustment

Committee ("M— Adj. Com.") on May 27, 2013 that consisted of members Lt. Robert E. Hughes ("Lt. Hughes") as chair-person and Jason N. Hart ("Hart") where the following occurred:

(a) First, Lt. Hughes read the D.R. to the Plaintiff that charged him with IDOC's offenses of #102-Assault and #601 Aiding/Abetting with #403 - Disobeying Direct-Order under Rule-504 in gist saying that Plaintiff was attempting to Head-butt and kick staffs while refusing to stopped when ordered by staff (all this supposed happen when the Plaintiff was handcuff from the back with Chemical Agent in his internal Body-system and burning his eyes from the same incident and indicated allegedly in the D.R. that Lt. Fishel wrote separately) but refused the order; and

(b) After the Plaintiff pled not guilty, the Plaintiff immediately told them he never received a copy of the D.R. and wasn't prepared for the Adj. Com. as well as didn't have the chance to read the D.R. as required to be served 24-hours before the Hearing where he want to present a written request for "investigation" into how he was tortured at the WICC that has continued at [Menard] as far as [being] refused any underwears/shoes and property being mishandled; and

(c) The Plaintiff requested to see the camera-footage of any part of the incident as well as "all" pictures/record of all the injuries received by staffs and Plaintiff while informing them that WICC's officials and staffs denied

-10-

Plaintiff Medical treatment for his injuries (that includes his right-eye, swollen wrists and hip-socket as well as other damage to parts of his body); and

(d) The Plaintiff finally told the Adj. Com. that Sgt. Robeson and Lt. Fishel wrote separate D.R. to cover-up that they beat him up motivated by vindictive machination; and

(e) However, the Adj. Com. disregarded all the above [at the Adj. com's Hearing] and found the Plaintiff guilty of the D.R. of Sgt. Robeson without making any note what he told them thereof or investigating the beating/torture they were aware as shown in the D.R.'s Summary-Report attached hereto as Exhibit-E. Also, see Exhibits' F to I that all were returned to the Plaintiff from Menard's Grievance-office or whomever after filed grievances on the dates of them grievances excepted that both of D.R. were the first the Plaintiff received ever while at Menard.


5. Now, from May 9, 2013 up to November 13, 2013 the W.I.C.C's personnels above and Phoenix (the counselor in Menard and for two(2)-gallery of North-2) with other personnels at the Menard were aware that the Plaintiff was never given any underclothings and shoes of any kind excepted shower-shoes he got on or about May 23, 2013 that caused him humiliation and not so adequately abled to participated the Yard-schedule were in between times he had to walked barefoot during transferred W.I.C.C. to Menard and occasionally at Menard

— 11 —

whereas, Exhibits J and K/1-2 attached hereto give more details and proof what the Plaintiff just stated.

6. In regards to Excessive Force of the Defendants above and deprivation of basic underclothings/shoes stated above, the Plaintiff placed a Grievance in the U.S. Mail-services available at Menard on July 2, 2013 addressed to the Administrative Review Board of the IDOC ("ARB") under P.O. Box 19277 in Springfield, IL 62794-9277. Furthermore, the Plaintiff filed a grievance on the D.R. that Lt. Fishel wrote regarding the same facts in gist that Sgt. Robeson wrote above while at the same time mentioned how Sgt. Robeson and Lt. Fishel conspired to cover-up on them and other staffs used excessive force against the Plaintiff, which this one was mailed before August 3, 2013 to the ARB. However, both grievances just stated above were returned to the Plaintiff from the ARB as untimely without any consideration of the mailing time and that Menard's Grievance held them instead making note each one that they received in timely fashion but need to be send to the ARB. (See Exhibits L and M attached hereto.)

7. Now, in connection with deprivation of the basic underclothings and shoes stated above, and among other things, the Plaintiff filed a grievance against Phoenix

above because of Phoenix' refusal to return the three(3)=
grievances that deal with basic clothings/shoes' issue mentioned above
and with his' property-items in general (where one only deal
with items confiscated) to the Clinical services' supervisor at
Menard (responsible for all counselors' duties at Menard, including
grievances), then Harrington and finally the ARB in attempted
to get some relief thereon (the other two(2) grievances are
attached hereto as Exhibits' N/1-2 with one against
Phoenix above is Exhibit-O hereto and it will give
full details). However, due to the clinical services' supervisor
and Harrington never responding to that grievance against
Phoenix and the ARB not investigated all of that, the
Grievances were considered untimely by the ARB that
Godinez as the Director of the IDOC was responsible
for providing avenue or means to ensure these problems
can be investigated and addressed in accordance with
730 ILCS 5/3-2-1, etc. and 730 ILCS 5/3-2-2(a,g-i and m)
with 730 ILCS 5/3-7-2(a-d) and 730 ILCS 5/3-8-8 et seq.
Now, the Plaintiff can't pursued ~~these~~ them 'issues' in the
above grievances ' in any Illinois' courts (including the Illinois'
Court of claims (" Ill.ct.cl.")) because of Exhaustion-problems
just stated above. (Also, see Exhibits' P/1-3 attached hereto.)


8. In connection with Exhibit-D/1-2 above, and
contrary to IDOC's rules for Grievances and Legal Services to
properly informed all prisoners, on July 24, 2013 the Law-clerk

of Menard got the plaintiff's grievance to be copy in accordance with Menard's Policy in effect at that time that required to be returned on July 31, 2013. However, the grievance was returned by mail (when all legal documents/grievances were always personally returned by a Law clerk...) on August 21, 2013 even after every week before that and July 31, 2013 the plaintiff informed the Law-clerk and Library needed the grievance before the Time-Frame therefor. Now, in between that time (on August 1, 2013), the plaintiff filed Emergency-Grievance to Harrington about the Library holding that grievance as Exhibit-D/1-2 above and requesting for action to be taken on that because that not in the IDOC's Rules or ILCS. Finally, the plaintiff wrote the ARB's chair-person, among other things, and in gist, about everything in this paragraph and requesting for help with processing the grievance as required by IDOC's rule, etc. The ARB returned the grievance and correspondences in connection with this paragraph as untimely. See attached Exhibits' Q/1-3 hereto.

9. While the Plaintiff in Pontiac in summer of the year of 2014 and times in between/after when the Plaintiff have his fan that was stolen in Menard as stated in his grievance that he tried exhausted through grievance-process at Menard and to the ARB, the Plaintiff suffered heat-sweats very often and having breathing-problem frequently because there's no

-14-

adequate ventilation-systems in all the cells he was
assigned to that worse when he was behind solid
doors (no bars, which some cells have bars where the
fans in the cells) areas might give cool-air thereto but
the plaintiff still sweated frequently when it hot or summer)
where no air circulation from fans or outside is rare.
Now, the Ill. Ct. Cl. denied the plaintiff's cause of
Action (claims) any award for that fan and other
property-items that consisted of books and some other
items because the IDOC/ARB presented therein he
failed to exhausted his grievance-process even though
proved in that court that he timely filed one at Menard
as well as how he presented same proof to the ARB
(see attached Exhibit-R hereto). Also, the plaintiff
presented the inadequate ventilation-system in Pontiac
with fact he don't have fan in few grievances that
were timely filed in accordance with the IDOC's Rules
but not honored by Pfister, Pontiac's Grievance=
officer and ARB.

<u>LEGAL POSITION(S)</u>

10. First, through possibly federal funding to
Illinois/IDOC for some benefit for prisoners like plaintiff,
WICC, Pontiac and Menard were required to provided the
Plaintiff with basic needs like adequate ventilation-system
and clothings/shoes with health-services (including mental service)

=\5-

and legal services under Federal standards ——— whereas, everything above should fall under them standards.

11. Second, under ILCS (especially, 730 ILCS 5/1-1-2(a-d) and 730 ILCS 5/3-5-1 et seq. with 730 ILCS 5/3-2-2(a,d) and 730 ILCS 5/3-8-2) and IDOC's rules the Plaintiff has rights to not be classified as staff-Assault (who had to wear different clothings for that purpose and programs/services are eliminated or restricted in comparison to other prisoners) based on fabrication or oppressive treatment (especially, when conspired by trained employees/staffs) ——— whereas, the Plaintiff was transferred from lower-security prison where he going to college and in B-Grade that a better situation then now and have been for last 2-Years due to above D.R. that rearranged his classification/treatment, which all that violated his Due Process of Law and Equal Protection of Law under U.S. const. as well as 730 ILCS 5/3-8-7 and IDOC's Rules.

12. Third, the Excessive Force and medical mistreatment to the Plaintiff above as described violated his Eighth (8th) Amendment and Due Process of Law rights with fact he was given two(2)-Punishments beyond how he was required to be treated under 730 ILCS 5/3-3-1 et seq. and IDOC's rules.

13. Fourth, the Plaintiff was denied access to the court as well as adequate Post-deprivation Remedy when his grievances for his property-items/issues were properly review

-16-

as required by 730 ILCS 5|3-8-8 et seq. with 730 ILCS 5|3-2-2 (g to i) and IDOC's Rule-504.810 et seq. In conjunction therewith, his' rights under the 8th Amendment and Due Process of Law were violated when he wasn't given adequate ventilation or his' fan as described above —— whereas, the Plaintiff has been continued suffering physically from the time his' fan wasn't taken to now because the IDOC and all above refused to give him his' fan or substitute therefor as indicated above, which mostly likely continued into the future due to the Indigency within the IDOC and replacement not given to the Plaintiff like other Similar situated prisoners has been reimburse like circumstances either through the Grievance= Process or the Ill. Ct. Cl. but denied to the Plaintiff because his' right under Grievance-Process within the IDOC was not properly or fairly, which violates his' Equal Protection of Law right of the US-constitution as well as under all the rights above

14. Fifthly, some employee(s) officials(s) at Menard, with Warden Harrington approval or tacitly go-head as well as Director Godinez knowledge that Grievance-Process has not provided to the Plaintiff in over 90% he filed them, intentionally held the Plaintiff's grievance for the above D.R. written by Sgt. Robeson to Sabotage his' chance to have the facts investigated as well as used a means to discourage him from going to court for some justice with fact of training they are formally given to them or required to be given

- 17 -

them" in properly dealing with all legal issues affecting prisoners (including and specially the Grievance-Process), which violated the Due Process of Law and Equal Protection of law.

## LEGAL RELIEF, ETC.

A.) Declaratory Judgment in the Plaintiff's favor regarding everything above clearly violated his rights as indicated above.

B.) Preliminary and permanent Injunction to correct all the wrong that be done to the Plaintiff and that willing continued in sometype fashion as stated above, which can be done under the Director of IDoc/Warden (which includes give him adequate ventilation-System, adequate Post deprivation-remedy for all his property-items and the D.R. expunged);

C.) Award of $300,000.00 be given Plaintiff for compensatory, nominal and punitive damages regarding everything herein with be rewarded costs and expenses for this litigation, and all other justified and needed relief as may be available herefor;

D.) The Plaintiff demands impartial Jury-Trial herefor.

SWORN SIGNATURE WITH STATEMENT

Pursuant to 28 U.S.C. Section 1746, 18 U.S.C. Section 1621 and 735 ILCS 5/1-109, and on April 30, 2015, I, BASHIR OMAR the Plaintiff hereof, Declare and Swear the Penalties of Perjury, that everything herein are true and correct to the best of my knowledge, information and belief that I'm legally competent to testify thereto as appropriate.

Address: Pontiac Corr. Ctr.        Respectfully Presented and signed By
100 W. Lincoln Street
P.O. BOX 99, Pontiac, IL 61764        Bashir Owan #N-61783
                        -18-    Pro Se Plaintiff Bashir Omar

("EXHIBIT-A/1")

STATE OF ILLINOIS )
) SS
COUNTY OF BROWN )

A F F I D A V I T

I, Jerry Harrington being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto:

On 5-9-13, at about 10:30 A.M. I along with many other inmates including (beating victim) Omar Bashir            was entering the front entrance of there unit coming back from library when Lt. Fishel, C/O Volk and a third officer was posted up shaking inmates down as we entered three unit front doors.

I would witness Omar Bashir being shook down by Lt. Fishel an as he patting him down from the upper body to his waist then Lt. Fishel would stick his hands in inmate pockets and made a scream that something poked him so he told inmate to empty both pockets which inmate applied to such order but once taken penciles and pens out of pocket Lt. Fishel would snatch pencils and pens out of inmate hand and throw them to the ground finish the shake down once done inmate asked could he get pencils and pens off the ground the Lt. Fishel would tell inmate he was the cause of him geting poked with pencils to get the fuck on his wing he would not be allowed to retrieve pens/pencils.

Inmate Omar Bashir stated that it was not his fault he got poked in the hand with pencil or pen that he was never told to empty pockets first before proceeding with pat down therefore it shouldn't be any reason for his property being taken and if so he would like to receive a shake down slip.

Lt. Fishel decided to proceed to cuff inmate C/O Volk would push other inmates (including myself) outside entry doorway then signal to other officer who would up mace to spray inmate as he was turning to apply to order to be cuff up by Lt. but third officer would instead spray mace hiting himself in the face at the same time C/O Volk would football tackle inmate to the ground Lt. Fishel would punch inmate in the face and use cuffs to gouge at his eyes and within a minute other fellow Lt. and officers would rush in to join in on the attack of inmate who was on the ground screaming.

Page 1 of 2

("EXHIBIT - A/2")

Affidavit (continued) Page 2 of 2


This inmate would be dragged by officers out of three unit buildi
ng. My self and other inmates tried to relay what happen to
Warden of Security but he stated that he wasn't the police.



PURSUANT TO 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I
DECLARE, UNDER PENALTY OF PERJURY, THAT EVERYTHING CONTAINED
HEREIN IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND
BELIEF. I DO DECLARE AND AFFIRM THAT THE MATTER AT HAND IS NOT
TAKEN EITHER FRIVOLOUSLY OR MALICIOUSLY AND THAT I BELIEVE THE
FOREGOING MATTER IS TAKEN IN GOOD FAITH.


Signed on this _4_ day of _June_ 2013.


_____
                            Affiant

{"EXHIBIT-8"}

STATE OF ILLINOIS )
                     ) SS
COUNTY OF BROWN )

## A F F I D A V I T

I, **CHARLES E Coleman** being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto:

On the 5-9-13, approximately 10:00 a.m. I along with fellow inmates was returning from the library. My self, Omar Bashir and a few other inmates was the first in the library line to enter three unit door and the first of the group to get shook down by Lt. Fishel and two other officers who was shaken down three at a time.

I would be searched and allowed to proceed to go on D-wing an as I walked toward my cell the loud voice from Omar Bashir would make me turn back around to witness after hearing him request a shake down slip from Lt. Fishel who was proceeding to cuff inmate who was turning to apply with being cuff but within seconds c/o Volk would football tackle him to the ground Lt. Fishel would punch inmate in the face and use cuffs to poke into his eyes. Other Lt. and officers would rush to join in on the attack a one c/o Snow would knee and punch at inmate head while he was already face down on the ground screaming, cuffed and subdue.

This inmate would be dragged by officers out of three house. The Assistant Warden Asby would come on the wing I tried to tell him what I witness but he yelled to me to lock up.

/s/ **Charles E Coleman**

Signed and Sworn before me

On this **6** day of **September** 2013.

_____
Notary Public

OFFICIAL SEAL
MICHELLE PUNCH
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/22/14

STATE OF ILLINOIS        )
                         )SS
COUNTY OF BROWN          )

("EXHIBIT-C|1")

## A F F I D A V I T

I, michael Cheeks , being first duly sworn upon my oath
depose and state that the following matters are both true and
correct made upon personal knowledge and belief, and if called as
a witness, I am competent to testify thereto:

On 5-9-13, at about 10:30 a.m. I along with many other inmate
s including (beating victim) Omar Bashir who was entering the
front entrance of there unit coming back from the law library
when a Lt. Fishel, C/O Volk and a third officer was posted up
shaking inmates down as we entered three house front doors.

I would witness a Omar Bashir being shook down by Lt. Fishel
an as he was patting him down from the upper body to his waist
then Lt. Fishel would stick his hands in inmate pockets and made
a girl like scream that something poked him so he order inmate to
empty both pockets which inmate applied to his order but once
Lt. Fishel snatch pencils and pens out of inmate hands and throw
them on the floor an proceed to finish shake down inmate Omar
would ask could he get his pencils and pens off the floor
Lt. Fishel would tell inmate he was the cause of him getting poke
with pencils or pen to get the fuck on his wing that he couldn't
retrieve pens/pencils.

Omar Bashir would stated that it was not his fault he got
poked in the hand with pencil or pen that he was never told to
empty pockets first before proceeding with pat down therefore it
shouldn't be any reason for his property to be taken but if so
he would like to receive shake down slip. Lt. Fishel decided to
proceed without any warning to cuff inmate then c/o Volk would
push me and other inmates outside the glass door entry then
signal to other officer who would up mace to spray at Omar as he
was turning to apply to order to cuff up by Lt. but third
officer would instead spray mace wildly hitting himself and other
s in the face at this same time C/O Volk would football tackle
this inmate to the ground then Lt. Fishel would punch inmate in
face and was using his cuffs to gouge at inmate eyes and within
minutes other fellow Lt. and officers would rush in to join in on
the attack of inmate who was being punched and kicked by other
officers why this inmate was on the ground cuffed already
screaming.

("EXHIBIT-C/2")

Affidavit (continued) Page 2 of 2

This inmate would be dragged by officers out of three unit building to get beating some more. I with other inmates relaid this  on what we all witness to Warden but he would state that he wasn't the police.

1st *Michael Cheeks*

Signed and Sworn before me

On this 16 day of August 2013.

*Michelle Olson*

Notary Public

OFFICIAL SEAL
MICHELLE OLSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/06/2014

("EXHIBIT-D/2")

Date: JULY 12, 2013

OFFENDER'S GRIEVANCE (continued)

—— MAY 9, 2013   Disciplinary Report by Sgt. Robeson of the WICC ——

wasn't prepared for the Adj. com. as well as I didn't have the chance to read the D.R. as required to be served on me before 24-Hours of the Hearing where I want to present a written request for investigation into how I was tortured at the WICC that has continued at this facility as far as I been refused any underwears/shoes (see attached Affidavit herewith) and property being mishandled ; and

(b) I then requested to see camera-footage of any part of the incident as well as "all" pictures/record of all the injuries received by staffs and myself while informing them that WICC's officials and staffs denied me Medical Treatment for my injuries (that includes my right-eye, swollen wrists and hip-socket as well as other damage to parts of my body) ; and

(C) I finally told the Adj. com. that Sgt. Robeson and Lt. Fishel wrote separate D.R. to cover-up that they beat me up motivated by vindictive Machination ;

(d) However, the Adj. com. disregarded all the above and found me guilty of the D.R. of Sgt. Robeson.

Inmate Issues

AUG 3 0 2013

Page 3

( EXHIBIT-D(1*)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: July 12, 2013 | Offender: (Please Print) BASHIR OMAR | ID#: N-61783 |
|---|---|---|

| Present Facility: MENARD CORRECTIONAL CENTER (hereinafter "Menard") | Facility where grievance issue occurred: WESTERN ILLINOIS CORRECTIONAL CENTER ("WICC") |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ ADA Disability Accommodation
- ☒ Other (specify): Basic Needs

☒ Disciplinary Report: MAY / 9 / 2013      Personally never served but heard at Menard.
_____Date of Report_____Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):** 1.  The following matters must be factored into everything herein regarding the Disciplinary Report ("D.R.") written by Michael S. Robeson ("Sgt. Robeson") of the WICC dated May 9, 2013 that should establish the invalidity/voidness of that D.R. for either one or combination of factors:

(a) First and foremost over everything herein, Sgt. Robeson and Robert = P. Fishel ("Lt. Fishel") regarding the same incident herein write separate D.R. to cover-up how Lt. Fishel fabricated his D.R. where I was really tortured by them and other WICCs staffs through a sham Investigation laced with bias (which why no pictures/X-Rays etc. were taken of all the staffs ← continued over →

**Relief Requested:** To have the above D.R. and "all" matters connected to it expunged in their entirety with rectification for the cover-up and torture done to me as well as "all" other justified means available to restored the Truth and me.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Bashir omar                     N-61783          July 12, 2013
Offender's Signature                 ID#                   Date

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| _____ Print Counselor's Name | _____ Counselor's Signature | ___/___/___ Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance  ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____  ___/___/___
Chief Administrative Officer's Signature           Date

who claimed injuries while not considering my injuries that were exculpatory and required facts/evidence and all major/serious D.R's are required to be investigated to discover all evidence/witnesses in weighing for the Truth — there's no justice if truth isn't sought with the fact that staffs who tortured me and assault me as witnesses can't be sole witnesses where others were around and my defense pleading the abuses herein (which I actually received two (2) punishments from the torture and D.R's (any three in all) that's itself fraud and trauma from it)

(b) Second, Sgt. Roberson's D.R. is just a repeat of Lt. Fishel's D.R. and to maliciously worsen the punishment I got with the fact D.R's don't match what happen as required to be explicit/exist on what occurred (especially with all the words they used) which some don't particularized any act or relation — Injuries in connection with incident should be adequately recorded for inspection/review while contrary to common-sense to where I was able to kick and head-butt non-stop without seriously injuring myself while being already subdued with Chemical Agent sprayed on me and being dragged (they said & refused to work, which means my body/face is very low to the ground — Sgt. Roberson or nobody never identified staff that failed or him which is another missing detail and don't prohibit me from lies) unless one believes I'm some kind of Giraff mixed with Kangaroo and octopus where I'm still trying figure out how can all that happen in comparison when they brought me in out the unit and passed the Units gate/door without ever being mentioned in Lt. Fishel's D.R. and no one else falling (which been proven without Sgt. Roberson's help)

(c) Furthermore, when compared to all other D.R's involving many staffs, they usually only be witnesses and possibly write incident-reports ("IR") instead writing separate D.R. while having only one hearing and one-round of sanction for most serious charge (if not, I should been written five D.R's unless there were isolated incidents/acts that established intent and harm done (Sgt. Roberson is a witness only because he was no different than LaBrooks and other staffs which both D.R's were should been investigated together that automatically been processed (all served together) but instead I had several hearings that prevented me from fairly defending against the structured charges while allowing all discrepancies and similars to be appropriately addressed and (d) Menard's Adjustment committee ("Adj. com.) convened beyond the fourteenth (14) days time-frame for the D.R. being (which one cause that happen because the D.R's weren't processed together like all other D.R's and other is because the Adj. committee didn't investigate what I reported to the Hospital at Menard as well as the Adj. com. on May 27, 2013 that issue on what I related to them about me being tortured, they surely relied on checking hastily against me), which inexcusable with the fact there were D.R's other than mines a often around time mines was written and other mine's but heard within 14 Days

2. Now, I appeared before the Adj. com. on May 27, 2013 regarding the D.R. by Sgt. Roberson where I pled not guilty and following occurred:

(a) I immediately told them I never received a copy of the D.R. and
Continued to next page Attached hereto

(EXHIBIT-E")

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** OMAR, BASHIR

**Hearing Date/Time:** 5/27/2013  09:06 AM

**Incident Number:** 201300710/1 - MEN

**IDOC Number:** N61783

**Living Unit:** MEN-N2-02-26

**Status:** Final

**Race:** BLK

**Orientation Status:** N/A

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 5/9/2013 | 201300710/1-MEN | ROBESON, MICHAEL S | WIL-R3 HOUSE FOYER AREA | 10:20 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 601.Attempt/102 | Assaulting Any Person - Staff | Guilty |
| | *Comments:trying to head butt escorting staff* | |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
INMATE OMAR PLED NOT GUILTY TO THE CHARGES, STATING, IT NEVER HAPPENED. I WAS CUFFED AND THEY BEAT ME.

## BASIS FOR DECISION
BASED ON, WHILE INMATE OMAR N61783 WAS BEING ESCORTED, OMAR WAS BEING COMBATIVE AND WAS ATTEMPTING TO HEAD BUTT AND KICK THE ESCORTING STAFF. INMATE OMAR FAILED TO COMPLY WITH A DIRECT ORDER TO STOP RESISTING. I.D. BY I.D. CARD AND SIGHT. WITNESS OFFICER BROOKS STATED I.D.R. IS CORRECT AS WRITTEN.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Year CGrade | |
| 1 Year Segregation | 1 Year CGrade |
| 1 Year Commissary Restriction | 1 Year Segregation |
| 6 Months Contact Visits Restriction | 1 Year Commissary Restriction |
| | 6 Months Contact Visits Restriction |

Basis for Discipline NATURE OF OFFENSE

## Signatures
### Hearing Committee

| Hearing Committee | Signature | Date | Race |
|-------------------|-----------|------|------|
| HUGHES, ROBERT E  - Chair Person | | 05/27/13 | WHI |
| HART, JASON N | | 05/27/13 | BLK |
| Recommended Action Approved | | | |

nal Comments: N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** OMAR, BASHIR

**IDOC Number:** N61783

**Race:** BLK

**Hearing Date/Time:** 5/27/2013   09:06 AM

**Living Unit:** MEN-N2-02-26

**Orientation Status:** N/A

**Incident Number:** 201300710/1 - MEN

**Status:** Final

---

RICHARD  HARRINGTON / KSB  6/4/2013

06/04/13

Chief Administrative Officer                    Signature                    Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

REBECCA A COWAN

6/7/2013              01:00 PM

Employee Serving Copy to Committed Person              When Served - - Date and Time

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

Date: _____

_(WICC)_
Facility

| Type of Report: | |
|---|---|
| ☑ Disciplinary | ☐ Investigative |

Offender Name: _Cullin _____  ID #: _N61785_

Observation Date: _5-9-13_  Approximate Time: _10:__ ☑ a.m. ☐ p.m.  Location: _R3 wing _____

**Offense(s): DR 504:** _102 Assault_  _601 Aiding and Abetting_  ☑ _(Disciplinary)_

**Observation:** (NOTE Each offense identified above must be substantiated.) _For date and approx time on this SGT_
_was assisting in with chew lines, whereas from cell out R3 noticed this SGT_
_observed I/M Omar, N61783 & Front of R3 being combative with escorting him_
_out of R3. This SGT asked of escorting I/M Omar N61783 who was violently_
_thrashing and deversively kicking trying to head butt and kick escorting Staff._
_This SGT gave Numerous Direct orders to I/M Omar N61783 to Stop Resisting_
_and to walk to seg. I/M Omar N61783 became more violent knowing this_
_SGT and other s/o to the Ground laid on this SGT, while I/M Omar N61783_
_still continued to kick and thrash Aggresively trying + disrupt Staff_
_I/M Cullin N61785 had to be cuffed to seg to stop him from_

**Witness(es):** _C/o Brown_

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |
|---|---|---|---|---|---|
| _____ | _4478_ | _____ | _5-9-13_ | _100_ | ☐ a.m. ☐ p.m. |

---

**Disciplinary Action:**

**Shift Review:** ☑ Temporary Confinement  ☐ Investigative Status  Reasons: _____

_____
Printed Name and Badge #   Shift Supervisor's Signature   Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☑ Confinement reviewed by Reviewing Officer   Comment: _____

☑ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

_____
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only)

_____
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

---

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

_____   Offender's Signature   ID#
Serving Employee (Print Name)   Badge #   Signature

Date Served   Time Served   ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____   Offender's Signature   ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Printed on Recycled Paper

Distribution   Master File
Offender

DOC 0317 (Rev. 2/2007)

("EXHIBIT-F/2")

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Continuation Page**

WICC
Facility

☑ Disciplinary Report ☐ Investigative Report ☐ Disciplinary Summary ☐ Adjustment Committee Summary

Report/Incident Date: 5-1-13     Incident # (if applicable): _____

Offender Information:
Offender Name: OMAR B     N64783

Use the space below to provide any additional information.

INJURING STAFF OR HIMSELF. OMAR BAHIR
N64783 WAS ID BY HIS STATE ID. THIS LT
RECEIVED INJURY TO MY LEFT ELBOW LEFT AND RIGHT
KNEE AND RIGHT ANKLE WHILE ESCORTING I/M OMAR N64783.

Page 2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

EXHIBIT  G(1)

Date _____

**Type of Report:**
☐ Disciplinary    ☐ Investigative         Facility _____

Offender Name: _____                    ID #: _____

Observation Date: _____    Approximate Time: _____  ☐ a.m. ☐ p.m.   Location: _____

**Offense(s): DR 504:** _____

**Observation:** (NOTE: Each offense reported above must be substantiated.)

_____

_____

_____

_____

_____

_____

_____

_____

**Witness(es):** _____

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time ☐ a.m. ☐ p.m. |
|---|---|---|---|---|

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement    ☐ Investigative Status    Reasons: _____

Printed Name and Badge # _____   Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) _____   Date _____

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment _____

☐ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction**, submitted to Program Unit

Print Reviewing Officer's Name and Badge # _____   Reviewing Officer's Signature _____   Date _____

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge # _____   Hearing Investigator's Signature _____   Date _____

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign    Offender's Signature _____    ID# _____

Serving Employee (Print Name) _____   Badge # _____   Signature _____

Date Served _____   Time Served _____   ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____    ID# _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report _____   Print offender's name _____   ID# _____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Printed on Recycled Paper

Distribution:   Master File
Offender
Facility (2)                                                        DOC 0317 (Rev. 2/2007)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Continuation Page**

Wsfine

Facility

☐ Disciplinary Report   ☑ Investigative Report   ☐ Disciplinary Summary   ☐ Adjustment Committee Summary

Report/Incident Date: 5-9-13          Incident # (if applicable): _____

Offender Information:

Offender Name: Omar _____   _____

Use the space below to provide any additional information.

gorm, nowhere without my pencil, this Lt and I/o woodward gave I/m Omar several more direct orders to return to his wing, I/m Omar refused all direct orders from staff. This Lt ordered I/m Omar to turn around so he could be restrained, I/m Omar then threw a left elbow violently at I/o woodward's head, and then struck this Lt in the right eye with a closed fist causing this Lt's glasses to break. This Lt then applied an approx one sec burst of OC into the mucus membrane area of I/m Omar and ordered I/m Omar to quit resisting. I/m Omar refused all orders from staff. This Lt and I/os Woodward and Volk attempted to place I/m Omar on the ground and restrain him, I/m Omar continued to strike responding with closed fists and elbows. responding staff continued to order I/m Omar to quit resisting and Omar continued to struggle with staff, I/m Omar was finally cuffed from behind and continued to fight with staff as he was escorted out of R3, I/m Omar's identity was confirmed by his ID. This Lt and I/o woodward and I/o Volk went to HCU for treatment of numerous cuts and bruises. this Lt requests Compensation for the injuries from I/m Omar, which will initiate all areas of the section.

Page  2  of  ≤


("EXHIBIT-H")

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** OMAR, BASHIR    **IDOC Number:** N61783    **Race:** BLK

**Hearing Date/Time:** 5/17/2013  08:50 AM    **Living Unit:** MEN-N2-02-26    **Orientation Status:** N/A

**Incident Number:** 201300699/1 - MEN    **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 5/9/2013 | 201300699/1-MEN | FISHEL, ROBERT P | WIL-R3 HOUSE FOYER AREA | 10:11 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 102 | Assaulting Any Person - Staff<br>*Comments: sturck r/e lt.* | Guilty |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS

INMATE OMAR PLED NOT GUILTY TO THE CHARGES, STATING, I DIDN'T ASSAULT ANYONE. I GOT MY ASS BEAT. HE DIDN'T ASK ME IF I HAD ANYTHING IN MY POCKET BEFORE HE SHOOK ME DOWN SO THE PENCIL POKED HIM IN THE FINGER SO HE GOT MAD.

## BASIS FOR DECISION

BASED ON, WHILE REPORTING LT. WAS ASSISTING OFFICER WOODWARD IN SHAKING DOWN THE RETURNING LINE TO R3. REPORTING LT. SHOOK DOWN INMATE OMAR N61783. DURING THE COARSE OF THE SHAKE DOWN, REPORTING LT. GOT STUCK IN THE FINGER BY A PENCIL IN INMATE OMAR'S POCKET. REPORTING LT. INFORMED OMAR THAT HE WOULD BE GETTING A TICKET AND A SHAKE DOWN SLIP FOR THE PENCIL. OMAR STATED TO REPORTING LT., "I'M GETTING MY FUCKING PENCIL BACK NOW. GIVE ME MY MOTHER FUCKING PENCIL NOW." OMAR FAILED TO COMPLY WITH A DIRECT ORDER GIVEN BY REPORTING LT. TO RETURN TO R3. OMAR STATED TO REPORTING LT., "I AIN'T GOING NO WHERE WITHOUT MY PENCIL." REPORTING LT. WENT TO RESTRAIN OMAR. OMAR BECAME COMBATIVE AND STRUCK REPORTING LT. IN THE RIGHT EYE CAUSING REPORTING LT.'S GLASSES TO BREAK. REPORTING LT., OFFICER'S WOODWARD AND VOLK ATTEMPTED TO RESTRAIN OMAR. OMAR CONTINUED TO SWING AND STRIKE WITH CLOSED FISTS AND ELBOWS. REPORTING LT. USES CHEMICAL AEROSOL TO STOP OMAR FROM STRIKING REPORTING STAFF. DC 434'S WERE WRITTEN AND ATTACHED. WITNESS OFFICER WOODWARD STATED I.D.R. IS CORRECT AS WRITTEN.

RESTITUTION OF $247.14 WAS CHARGED TO INMATE OMAR:
1 ALBUTEROL INHALER $38.70
1 BOTTLE OF BETADINE $2.32
2 BOTTLES OF NORMAL SALINE $3.56
1 BOTTLE ARTIFICIAL TEARS $2.46
7 BLUE PADS $2.94
2 BOTTLES OF EYE WASH $5.90
10 BAND AIDS $1.90
7 BLOOD DRAWS $185.50
2X2 SPONGE GAUZE $1.56
4X4 SPONGE GAUZE $2.30

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Year CGrade | 1 Year CGrade |
| 1 Year Segregation | 1 Year Segregation |
| Revoke GCC or SGT 3 Months | Revoke GCC or SGT 3 Months |
| Restitution of $ 247.14 Paid to 523 FUND | Restitution of $ 247.14 Paid to 523 FUND |
| 1 Year Commissary Restriction | 1 Year Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

**Basis for Discipline** NATURE OF OFFENSE

Print Date: 6/4/2013 12:40:25

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** OMAR, BASHIR | **IDOC Number:** N61783 | **Race:** BLK |
| **Hearing Date/Time:** 5/17/2013  08:50 AM | **Living Unit:** MEN-N2-02-26 | **Orientation Status:** N/A |
| **Incident Number:** 201300699/1 - MEN | **Status:** Final | |

## Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| VEATH, TIMOTHY R  - Chair Person | | 05/17/13 | WHI |
| | Signature | Date | Race |
| JOHNSON, DAVID T | | 05/17/13 | BLK |
| | Signature | Date | Race |

Recommended Action Approved

**Final Comments:** N/A

---

RICHARD  HARRINGTON / KSB  6/4/2013 _____
**Chief Administrative Officer**

_____ Signature      06/04/13
                                Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____                    _____
**Employee Serving Copy to Committed Person**    **When Served -- Date and Time**

("EXHIBIT-I")

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: JULY 23, 2013 | Offender: (Please Print) BASHIR OMAR | ID#: N-61783 |
|---|---|---|

| Present Facility: MENARD CORRECTIONAL CENTER (hereinafter "M.C.C.") | Facility where grievance issue occurred: WESTERN ILLINOIS CORRECTIONAL CENTER (hereinafter "WICC") |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [X] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____

- [X] Disciplinary Report: May 1 9, 2013    Personally not served, but heard at the Menard C.C.
       Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): Among other things related hereto, Robert P. Fishel ("Lt. Fishel") and Michael S. Robeson (Sgt. Robeson) wrote separate Trump-up Disciplinary Reports ("D.R.") only instigated to cover-up how I was tortured at the WICC on May 9, 2013 by them and other staffs while the M.C.C.'s Adjustment Committee (hereinafter "Adj. Comm") process, including D.R. being served appropriately and having Exculpatory Evidence whenever possible through a Truth-seeking mechanism, fail and me in regards thereto. In further support thereof, I present:

1. First, the following must be factored into everything herein for a panarama approach: (a) There was no fair     ←—continued-over—→

**Relief Requested:** First, I need someone with Penitipotentiary outside of staffs indicated herein and who use a mechanism for seeking the truth to investigated everything herein, and thereafter, have everything herein rectified in accordance with principles of law/rules and courts precedents while restoring me to my original status.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Bashir Omar_                      N-61783            July 23, 2013
Offender's Signature                ID#                Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Inmate Issues
AUG 5  2013

Response: _____

_____

_____

_____

_____

Print Counselor's Name        Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                Date

Investigation regarding me being tortured and framed on false allegations therefrom by WICC's staffs (including staffs turning a Blind-Eye and carry-over at the time, through no medical treatment except my right-eye only checked, (underwears/shoes deprivation and legal materials access denial) which is a Far-cry as compared how they relentless investigated offenders (including myself) while treating offenders harsh for almost anything or just a rumor (whereas, all staffs are supposed to protect all offenders privileges and rights in fair fashion) and (b) I was denied medical treatment for when I was tortured with chemical Agent that I still have attendant injuries and scars therefrom while allowing staffs that assaulted me to falsified medical records, and (c) The Transfer that transpired from everything herein was punitive and designed to prevent me from getting Evidence/witnesses (because I know the staffs intent herein has conflicting and self-serving interests while noting one wouldn't expect average staffs to admit the wrong done to me as well as them feeling above law and prison is theirs to use offenders as they feel when got authority to hide behind) and it implied I was Guilty As Accused before I had chance to defend, and (d) In regards to everything herein (especially when my statutory Good Time was revoked and classification/institution status negatively altered as compared to other offenders), the unified code of corrections, rules implemented therefrom and applicable authorities has set stream-lined measures to prevent corruption and illegal activities while ensuring I get Justice.

2. When I appeared before the Adj. com. on May 17, 2013 in regards to Lt. Fishel D.R., where, among other things, the following occurred: (a) I pled Not guilty to everything and related that nothing of allegations where true and (b) I immediately requested for a continuance because I never received a copy of the D.R. and I need witnesses interviewed who were at the area got my Ass-Beaten because Lt. Fishel vehement said I made him poked his finger, and (c) I then requested for Camera-Footage and medical records to attempted prove Exaggeration of staffs' injuries, and (d) I requested for medical examinations of my injuries and any possible reports done already that includes Incident Report and Medically wise, and (e) I related that I was unable to fight and resist while handcuffed and choking from chemical agent as well as being dragged and in severe pain. However the chairman vehemently told me to watch how I talk or I see how a memories Beaten feels, and quit wasting his time. Note: The torture indicated above, invalidated both of the D.R.'s as excessive and fraud.

3. Regarding paragraph two(a) above, I the following don't add-up or fit in establishing a truly clear connection: (a) After I was handcuffed while choking from chemical agent It's inexplicable do some fighting/resisting or anything while being dragged and assaulted (that includes Sgt. Robeson's negative I was head-butting and kicking) as well as not being documented if I got hurt that would follow because too disarmed and vulnerable, and (b) There no facts showing how I injured %o Walk and %o Woodard as well as Sgt. Robeson and Lt. Fishel D.R.'s don't substantiated each other that suggested cover-Same incident where Sgt. Robeson don't identified the staff he talked on, and what is a mucus membrane ???, and (c) Restitution is not substantiated because injuries aren't proven or should to me as well as showing Lt. Fishel's Eye-Glass wasn't broken and bias to

("EXHIBIT - J")

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: JUNE 4, 2013 | Offender: (Please Print) BASHIR OMAR | ID#: N-61783 |
|---|---|---|
| Present Facility: MENARD CORRECTIONAL CENTER ("M.C.C") | Facility where grievance issue occurred: MENARD CORRECTIONAL CENTER | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [X] Other (specify): Denial of Basic Clothings and Shoes

- [ ] Disciplinary Report: _____
    Date of Report _____     Facility where issued _____

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):   Among other related matters hereto (especially, after I considered that I filed grievances at the M.C.C. in the past or prior to my transferral on May 9, 2013 about clothings/property problems, and me being tortured on May 9, 2013 that's pretext for retaliation by some M.C.C. staff(s) in connection hereto) since my arrival at the M.C.C. on May 9, 2013 I been denied the following:

(1) Shoes to wear for my benefit regarding when I come out of any cell or going any place as well as for Health and Hygiene reasons (and ⟵ continued over ⟵

Relief Requested:   Be immediately given "all" the basic Clothings and Shoes as indicated and I mean everything herein (and given "all" other justifiable relief available to rectify everything as indicated herein (which also means addressing vindictiveness of staffs)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

-Bashir Omar                     N-61783        June 4, 2013
    Offender's Signature              ID#             Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ____ / ____ / ____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL  62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ____ / ____ / ____ |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

Chief Administrative Officer's Signature _____     Date ____ / ____ / ____

(5) Underwear (Boxers/Drawers, T-shirts, etc.) and other possible things needed from the clothing room — whereas very seldom is any offender is denied any basic needs from the clothing room within reasonable time upon arrival at the max. as well as it being the facility/section to accommodate all offenders basic clothings and shoes (but it appears that I have been single out by M.C.C.'s staffs for mistreatment in connection with the mistreatment/torture that happen to me at the Western-Illinois correctional center on May 9, 2013 — just a phone-call or a spread of the word among staffs in any possible way)

Now, I did the following in regards to the above clothings and shoes denial while at the M.C.C. (all prior to May 9, 2013):

(1) — First submitted a clothing slip to the Gallery-officer on four (4)-gallery in North-II for some underwears, shoes and other basic things [sic]

(2) — wrote Counselor Barbara ● about wearing other things, me having none of the basic clothings and shoes [sic]

(3) I wrote the Mayor for North-II about, among other things, me having none of the basic clothings and shoes [sic]

(4) I wrote the Chief Administrative officer about, among other things, me having none of the basic clothings and shoes.

However, I haven't received any of the above clothings and shoes or any response from any of the above persons/staffs. Due to that and the mistreatment I received as indicated herein, I have been put in awkward position of not taken of my jumpsuit to wash or clean it (I was denied any exchange thereof) as I will be stark naked as well as me sleeping in the jumpsuit with the fact I don't want to offend anyone or get wrote a disciplinary report for being butt-naked. Furthermore, its a health and hygiene problem to "not" wash or clean the jumpsuit, my body or anything I wear or come in constant contact with.

P.S.: Among other grievances, I filed a grievance with Counselor Barbara dealing ● in gist with everything herein on May 28, 2013.

Respectfully written By:

~Bashir Omar, #N-61783

("EXHIBIT-K/1")

STATE OF ILLINOIS)
                   ) S.S.
COUNTY OF RANDOLPH)

## AFFIDAVIT

I, CLYDE WILLIAMS, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto:

1. On May 31, 2013 I was assigned to cell 226 of North-II (segregation) of the Menard correctional center of the Ill. Dept of corr. under I.D.# N00493 since March of 2013 up the date of Affidavit notarized date.

2. At all time that BASHIR OMAR under #N-61783 assigned to cell 226 above, he was without any kind of shoes (excepted showers) and underwears (excepted socks). However, I gave him a pair of old Boxers/Drawers after the Counselor Melissa Phoenix talked to us at our cell on June 4, 2013 (among other things, Mr. Omar informed counselor Phoenix he no underwears and shoes as indicated above).

3. In addition everything above, on May 31, 2013 the cellmate I just have before Bashir Omar herein was assigned to cell 226 above left all Linens on the Top-Bunk where Mr. Omar bunked at all things mentioned herein and said he needed the Linens that he be using

1 OF 2

Inmate Issues
AUG 3 2013

("EXHIBIT-K/2")

ever since that time ( I packed the other cellmate property because he was transferred without notice and chance to do it himself).

4. In regards to everything herein, I am voluntarily making this Affidavit for Bashir Omar under # I.D N-61783 without any promise/benefit or threat of any kind, but only due to my observation of what Mr. Omar going through and sincere effort to get underwears and shoes as indicated above (which I let Mr. Omar used my boots a few times).

Respectfully submitted by :

Clyde Williams

Affiant's Signature and I.D.# N-00493

Subscribed and sworn to before me on the 11th day of July, 2013.

BRAD BRAMLET
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
June 04, 2016

NOTARY PUBLIC

Inmate Issue

AUG 3 0 2013

2 OF 2

( "EXHIBIT - L")

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Omar_ _Bashir_ _____ _N61783_
Last Name / First Name / MI / ID#

Facility: _Pontiac CC_

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _7/2/13_ or ☐ Correspondence: Dated: _____

Received: _7/11/13_ Regarding: _Staff - Lt. Fisher, C/O Volk, C/O Woodward, C/O Brooks_
Date _Sgt. Robinson - Medical treatment for injuries_

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:    Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL  62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL  62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

_____

Completed by: ___**Debbie Knauer**___ _Debbie Knauer_ _3/21/14_
Print Name / Signature / Date

Distribution:  Offender
Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev.4/2013)

(*"EXHIBIT—M"*)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Omar_ _Bashir_ _____ _N61783_
<br>Last Name          First Name       MI      ID#

Facility: _Pontiac CC_

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _7/23/13_ or ☐ Correspondence: Dated: _____

Received: _8/5/13_ Regarding: _DR @ WICC on 5/9/13_
<br>Date

The attached grievance or correspondence is being returned for the following reasons:

### Additional information required:
- ☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
  <br>      Office of Inmate Issues
  <br>      1301 Concordia Court
  <br>      Springfield, IL   62794-9277

### Misdirected:
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
  <br>      319 E. Madison St., Suite A
  <br>      Springfield, IL   62706

### No further redress:
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____.
  <br>                                                  Date
- ☐ No justification provided for additional consideration.

### Other (specify): _____

Completed by: _____ **Debbie Knauer** _____    _Debbie Knauer_    _4/17/14_
<br>                      Print Name                              Signature         Date

Distribution:   Offender
<br>               Inmate Issues                     *Printed on Recycled Paper*                    DOC 0070 (Rev.4/2013)

("EXHIBIT~N/1")

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: JUNE 4, 2013 | Offender: (Please Print) BASHIR OMAR | ID#: N-61783 |
|---|---|---|

| Present Facility: MENARD CORRECTIONAL CENTER ("Designate "Menard") | Facility where grievance issue occurred: WESTERN ILLINOIS CORRECTIONAL CENTER ("WICC") AND MENARD |
|---|---|

**NATURE OF GRIEVANCE:**

- [X] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [X] Other (specify): No underclothings and Shoes (except a few subjects)

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report  &  Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): Among other related things hereto, I am writing this grievance:

(1) On May 23, 2013 I was given a segregation approved property-items (without specifying what they were on the Inventory-Slip) without a chance to inspect any of my property-items (which includes the ones brought inventory at the Menard) handled outside of my participation/presence before I received the apprised ones above and ones I haven't received (which seems that WICC never inventory any of my property as the facts tended to bare-out explained everywhere herein). This is when I made notes on the two(2)- personal property's Receipts ("Receipt") ⇐ continued over ⇒

**Relief Requested:** To be immediately given some underclothings and shoes; and rectify every element of wrong explained herein; and make means to allow me to inspect "all" of my property-items and make notes for any problem thereto.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Bashir Omar _____   N-61783   June 4, 2013
Offender's Signature                          ID#           Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (If applicable)

Date
Received: _____ / _____ / _____   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____   _____   _____ / _____ / _____
Print Counselor's Name              Counselor's Signature              Date of Response

---

**EMERGENCY REVIEW**

Date
Received: _____ / _____ / _____   Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   _____ / _____ / _____
Chief Administrative Officer's Signature              Date

subjects - I never intended or any of my property before I signed
for it in order to take possession or approved items for segregation.
However, the offender who handled my approved property items scribbled over
my notes on the receipts without any staff presence or regulating the situation.

(2) In regards to paragraph - one (1) above, I informed the offender
working for the Personal Property office ("PP office) that I need him to inform staff:

(a) I'm missing a pair of size 15's Tennis-shoes, 4-pairs of boxers/drawers,
Three (3) T-shirts, two (2) Face-towels, 1-Base-ball-cap and 1-winter-cap from my
Big Property-Box as were in their while in WICC on May 7, 2013 ;and

(b) I was given somebody else books/magazines ;and

(c) That the WICC's staffs viciously took off the clothing and boots I
had on ;and among other things, never returned them with legal papers and
propound just before that vicious attack or give me my inventory-slip ;and

(d) No inventory-slip nor permits for "all" my legal materials that WICC
had in storage (at the Library) as legal Excessive I have yet to receive.

(3) Now, as in relation to everything herein, the following need to become
into:

(a) The offender from the P.P. office never told me if he informed
staff what I stated to him about my property ;nor did the
receipts about get corrected to reflect what I originally wrote on them ;and

(b) Nobody presented to me or accounted for WICC's handling my property
in regards to my transfer on May 7, 2013 to Menard as well as the
record staff(s) never listing everything I'm suppose to have in segregation
with what they listed otherwise (I was only given 17-books, but 25-books are on
my ;and

(c) Can be verified through the receipts and clothing Record record
(unless tampered with) I am presently without any boxer/drawers, T-shirts
shoes or basic clothing as indicated above (even though I submitted
through the Gallery-officer on May 17, 2013 a clothing-slip there.)
I'm because it seems like I will not be getting any help or accommodation for
them basic clothing items/shoes any time soon...(Notice should be taken
of : I need shoes to wear outside of my cell as well as for Health
and Hygiene reasons ;and I have been in awkward position of not taking
off my jumpsuit to wash or clean it, because I be naked as well as
sleeping in the bunk with it on — this is a Health and Hygiene Issue.

P.S. : Among other grievances, I filed a grievance with Counselor Barbara
dealing in gist with everything herein on May 9, 2013 (5-9-13).

Respectfully written by:
[signature] no. #N-1702

("EXHIBIT-N/2")

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: JUNE 4, 2013 | Offender: (Please Print) BASHIR OMAR | ID#: N-61783 |
|---|---|---|
| Present Facility: MENARD CORRECTIONAL CENTER ("MENARD") | Facility where grievance Issue occurred: WESTERN ILLINOIS CORRECTIONAL CENTER ("WICC")/MENARD | |

**NATURE OF GRIEVANCE:**

- ☒ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ ADA Disability Accommodation
- ☒ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☒ Other (specify): Improperly forcing relinquish of legitimate items

- ☐ Disciplinary Report: _____ / _____
  Date of Report    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): Among other things related thereto, I'll heretofore set, and all it's facilities/staffs (including and directed at WICC and Menard at the moment) should never sale any prisoner (especially) due to sentimental value and can't get the items back which hand on ones loved ones who provide support for a prisoner or the prisoner in other ways) that can be taken due to no fault of that prisoner and automatically deprived the prisoner of the money-value without Just compensation (which sometimes depreciation appropriate thereto). In further relevant and support to me by intertwining thereon, I stated the following:

1. Firstly, the Unified Code of Corrections ⟵ continued over ⟶

**Relief Requested:** Since Menard can reasonably allow or not allow certain items not contrary to law/IDOC's rules and items aren't safety/security problem as shown herein, I want all the items confiscated return due to me having them legitimately as well as the items not being in violation any law of IDOC's rule. However, if that not the case, be given full Just compensation for all the item's market values without depreciation due to them being new.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Bashir Omar_                    N-61783            June 4, 2013
Offender's Signature              ID#                    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ____ / ____ / ____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?
- ☐ Yes; expedite emergency grievance
- ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ____ / ____ / ____
Chief Administrative Officer's Signature        Date

3:15-cv-031...

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Page 46 of 55

Says the I'll part, of IDOC's rules (including facilities' rules that derived therefrom) should be consistent with it and be clear in their intents and prohibitions while giving committed persons at all that as well as protecting their properties (especially if certain items were legitimate, claimed by that due to another facilities prior release where its unpredictable whatever kind of transfer occurred and keeping in custody before obtaining the items at them release stores or storehouse until a replacement is thereafter). Furthermore, I believe the confiscated items should not be destroyed or disposed of (especially when they can or will be used within anywhere in the free or prison) until all grievances-levels are exhausted/finalize (including disciplinary-reports) being if said in concerning thereto which will be confiscated and may be transferred somewhere those items are acceptable), then give him to get the money he said somewhere appropriate.

2. Secondly in reference to everything herein, I never had knowledge or understanding that Menard can confiscated the items in direct relation any rule or statute with automatic relinquish of ~~_____~~ legitimate items etc (which is arbitrary and bailment or conversion situation etc).

3. Third, the Menard detergents are no dangerous than the Commissary/facility soaps and cleaning materials accessible to offenders (including liquid/fluid items sold or given out as supply)

4. Finally, I don't have any other means (other in segregation-status sometimes) to clip my toe-nails (which are really bad) because my toe-nails can be removed with fingernail clippers (that seem strange because titled or meant only for fingernails) unless the facility provide means therefor (which I'm unaware of, other than segregation). ~~Rather~~ And the toothbrushes that Menard offers are inadequate in lasting while being hard in handling brushing my teeth (which have sometimes slip-out of my hand or accidentally ~~to~~ fell in my mouth in ~~_____~~ choked me a few times while brushing) as well as strained a lot of times when brushing my teeth. Must be noted: Every item stated herein were necessary for me as well as have that will be financial waste unless justly compensated therefor.

Respectfully written by:

Bashir cannan #1b-61733
Grievant's signature

P.S.: I filed a grievance with counselor Bochara dealing in part with everything herein on May 23, 2013.

Distribution: Master File; Offender          Page 2          DOC 0046 (8/2012)
Printed on Recycled Paper

("EXHIBIT - O")

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: July 22, 2013 | Offender: (Please Print) BASHIR OMAR | ID#: N-61783 |
|---|---|---|

| Present Facility: MENARD CORRECTIONAL CENTER ("Menard") | Facility where grievance issue occurred: MENARD CORRECTIONAL CENTER ("Menard") |
|---|---|

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Forgery/Fraud

- [ ] Disciplinary Report: _____
  Date of Report _____  Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):** 1. On June 4, 2013, among other things, during Counselor Melissa Phoenix ("Melissa") round on two-2-gallery in North-II I gave her personally while assigned to cell 226 the following grievances:

(a) Personal property, staff-conduct and Improperly forcing relinquish of legitimate items, etc. (n.e. items from another facility but not allowed at Menard) and

(b) Staff-conduct, and Denial of Basic clothing and shoes; and ←→ continued over ←→

**Relief Requested:** Have everyone who committed forgery/fraud as stated herein investigated for misofficial conduct and unlawful conduct/violation of rules with proper action taken for everything herein while seeing if possible corruption under embezzlement involved by the state/IDOC is being swindled in sometype way (especially if saying that I received items from ## clothing those but didn't); and be given back items and have all my grievances' process.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Bashir Omar | N-61783 | July 22, 2013 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____
Chief Administrative Officer's Signature                     Date

---

Printed on Recycled Paper

(G) Personal Property Grievance - as well as No Undershirts and Shoes (except a few sweaters) — Note: this one is dealing with the general handle of my property, in regards to transfer on May 1, 2013 and inventory process up to May 23, 2013 (See all three (3) grievances above attached hereto for further &/or necessary details.)

2. However, regarding all the above grievances and among other things, when Melissa made her round out appeal to my cell 236 in July of 2013 being lockdown, the following occurred:

(a) I informed Melissa that the clothing room still hasn't given me any shoes, undershirts, and other items (like carpets) and

(b) I then asked Melissa when will I recieve my grievances back that I gave her on June 4, 2013 regarding my personal property and not having any shoes and boxers/drawers;

(c) Melissa tell me that my grievances were disposed by the clothing house and personal property office so don't worry about the grievances

3. Regarding everything about with Melissa not adequately representing my best welfare/interest, the following will show a misrepresentation and vaidness:

(a) First of all, Melissa's response never specified what item I recieved and when I got some clothing, shoes, and other basic items from the clothing house as well as who gave them items to me (including bedroll) and did I signed for them items (where is the paperwork on it at, meaning grievance a copy plus thereto by at least attaching to my grievance for proof — because I never signed or thumbprinted for anything) and

(b) I definitely didn't get any clothing/shoes and bedroll in the hospital during my placement from May 1, 2013 to May 13, 2013 to take to my ecumen cell 411 of North II as well as no access to my personal property on May 23, 2013 as attested to by inventory paperwork — whereas I walked barefoot during May 1, 2013 transfer up to May 23, 2013 where I got my shower-shoes and socks (which I'm still without any shoes for outside purposes) etc.) while got some linen when placed in my cell of North-II and

(c) By inmate bringing my personal property to me on May 23, 2013 without a supervising staff as well as scratching out my notes on inventory sheets thereto and not informing staff what I told him as stated in my grievance indicated herein, a forgery/fraud was committed while adding to how I been tortured at the Western Illinois Correctional Center and being mistreated at Menard regarding everything in all the grievances above.

Respectfully written by:
Bashir Oman #N-61783

( "EXHIBIT-P|1" )



# John Howard Association of Illinois

375 East Chicago Avenue, Suite 529  Chicago, IL 60611
Tel. 312-503-6300 Fax. 312-503-6306 www.thejha.org

July 2, 2013

Mr. Bashir Omar  #N61783
P.O. Box 1000
Menard, IL  62259

Dear Mr. Omar,

First, the grievance process is seriously flawed. IDOC does not enable a fair, transparent process of addressing intra-agency issues that is open to outside review. The system is a behind closed doors debacle that does little to ensure that rules are followed. This is a serious problem that we are working to address. We would like to see IDOC resume using the tri-colored form. This would add accountability to the process (if you have a copy of the grievance, it will be much more difficult to 'lose').

Generally speaking, a facility has two months to answer a grievance and IDOC has six months to answer its appeal. This is a long time for an inmate to wait for pressing issues. Unfortunately, however, this is the only process that is available unless we succeed in reforming it.

An emergency grievance should be answered quicker. It is very rare, however, that a facility agrees with an inmate that an issue is an emergency. The forms you submitted will take some time to get an answer.

The issues of clothing should be remedied immediately (unless you are in a crisis cell).

Regards,

John Howard Association



# John Howard Association of Illinois

375 East Chicago Avenue, Suite 529  Chicago, IL 60611
Tel. 312-503-6300 Fax. 312-503-6306 www.thejha.org

August 21, 2013

Mr. Bashir Omar  #N61783
P.O. Box 1000
Menard, IL  62259

Dear Mr. Omar,

Grievance reform is a major priority of JHA.

As is, there is no 3rd party review of the grievance process. It also forces people to decide claims made against their friends, neighbors, and colleagues. The tracking for this system is terrible. These factors all add up to a system that has little chance of providing accountability.

Regards,

John Howard Association



Inmate Issues

AUG 3 0 2013

Promoting Community Safety Through Cost-Effective Prison Reform
Founded in 1901



# John Howard Association of Illinois

375 East Chicago Avenue, Suite 529  Chicago, IL 60611
Tel. 312-503-6300 Fax. 312-503-6306 www.thejha.org

October 22, 2013

Mr. Bashir Omar  #N61783
P.O. Box 1000
Menard, IL  62259

Dear Mr. Omar,

I have enclosed your grievances, as you requested.

Regards,

JHA Prison Response Organizer

("EXHIBIT-9/1")

Date: August 28, 2013

To: chair-person of the Administrative Review Board
    of the Illinois Department of corrections

From: BASHIR OMAR, I.D.# N-61783
    Menard correctional center, P.O. Box 1000
Menard, IL 62259

Inmate Issued
AUG 3 0 2013

Re: Interference with Processing Grievance of D.R. that's Major

As may be appropriate :

I like to noted first, I initially filed the attached Grievance hereto (which the whole purpose of this correspondence) with the Menard c.c.'s Grievance-office on July 12, 2013. However, the grievance was returned on July 22 without any Grievance-officer's response or direction I should take in getting it reviewed (also, a copy of the Ticket and summary Report were with the returned grievance that dealt or related to the contents of the Grievance). As you be able to see, the grievance detailed some serious concerns, and don't be detailed in this correspondence since it will sufficed for reference herefor.

Now, on July 24, 2013 I gave the Law-clerk in Segregation (for Legal services) Tour the grievance above to received three(3)-copies with other Legal services requests. However, expecting due to usual practice to — see next-page —

-1-

("EXHIBIT-O(2)")

Inmate Issue
AUG 3 0 2013

received copies of my grievance and original back on July 31,2013 after I signed a voucher for everything copy, the Law clerk said I will received everything in the Mail (including copies I already signed to be paid for). Immediately told him I need the grievance to meet the Time-Frame and I don't have any written copy of it. He said that it's out his control and the new routine.

In regards to everything above, I filed an Emergency-Grievance with Warden's Richard Harrington about the grievance-problem above and in from my memory detailing in short of what the grievance consisted of among other things. I never received the Emergency-Grievance back to this date (and seem like I might not get it back).

On August 21,2013 the above indicated grievance was returned by Mail without any copies with attached Notice Saying I can't get any more copies unless I get a response from, among others, Grievance-officer. Note: returning of my grievance was well over the time-limit without accountibility on how that was done and sabotage of my grievance being processed in accordance with law/rule and my sincerely effort. (See attached Notice herewith.) However, the Law/rule actually says I can get copies of all legal documents (grievance included).

WHEREFORE, since Menard has left me no means to filed the grievance hereto, I request that you please review my grievance or give to appropriate person therefor. Respectfully Yours,

—2—

("EXHIBIT - Q/3")

# <u>*Notice*</u>

This grievance will not be copied as it has not been received by a higher level (i.e. Counselor, grievance officer etc.)  and is considered incomplete. Once it has been signed or responded to in some form by someone other than yourself. If you need a copy you can make one yourself on another grievance form and copy it verbatim.

Inmate Issues

AUG 3 0 2013

("EXHIBIT-R")

IN THE COURT OF CLAIMS
OF THE STATE OF ILLINOIS

BASHIR OMAR, #N-61783,                          )
                                                )
            Claimant,                           )
                                                )
    vs.                                         )   No.        14-CC-2827
                                                )
STATE OF ILLINOIS,                              )
                                                )
            Respondent.                         )

**FILED**
COURT OF CLAIMS
MAR 10 2015
Secretary of State and
Ex-Officio Clerk Court of Claims

## O R D E R

THIS CAUSE comes before the Court on Respondent's Motion to Dismiss, and the Court

being fully advised in the premises,

The Court finds that Claimant failed to exhaust his administrative remedies prior to filing this

lawsuit, and that Claimant is not entitled to damages for Menard's Orientation Manual for Prisoners.

IT IS THEREFORE ORDERED that Claimant's Complaint is hereby dismissed with

prejudice.

DATED:_____          ENTER:_____

CONCURRING:

_____ J.

_____ J.

_____ J

    **THE DATE STAMPED HEREON IS THE FILING DATE FOR THIS ORDER.**