UNITED STATES
CENTRAL DISTRICT OF ILLINOIS

SCANNED at PCC and E-Mailed
7/14/15 (date) by sh (initials)
4 (# of pages)

BASHIR OMAR,
    Plaintiff,

VS.                                    No. # 3:15-CV-03130-SLD

SGT. MICHAEL ROBESON, ET AL.,
    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF
THE COMPLAINT AND THE INJUNCTION RELIEF, ETC.

The Plaintiff, BASHIR OMAR as a Prisoner under #N-61783 of the Illinois Department of Corrections ("IDOC") and assigned to the Pontiac Correctional Center ("P.C.C.") of the IDOC, and the above entitled case, presents the following in support of his' complaint and Injunction-Relief therein in conjunction with the Merit-Review of this Honorable Court:

PRELIMINARY MATTERS

The Plaintiff filed a Civil complaint pursuant to 42 U.S.C. Section 1983 for various acts that most are intertwined and the rest of them overlapped therewith due to segregation conditions are continuation of perpetration done to the Plaintiff, which the Plaintiff is still in segregation and having not received any Justice or Relief therefor — whereas, in gist the various acts deal with:

1. On May 9, 2013, among other things, the Plaintiff was torture (that includes a beating and ripping off clothings) without treatment by some of the Defendants in violation of his' 8th Amd. Right against/Prohibition of Cruel and unusual Punishment; and

2. From the circumstances and scenario in paragraph-one(1)

-1-

above, the Plaintiff was torture some more by ~~[redacted]~~ a few of the John Does while getting ready for transfer and during the transfer from the handcuffs that were aware of which in addition to the 8th Amd. of U.S. constitution ("const.") violated his Equal Protection of Law of const.; and

3. Regarding the Disciplinary Report ("D.R.") written by Sgt. Michael Robeson and reviewed by the Adjustment committee ("Adj. com.") of Menard correctional center ("Menard") of the IDOC that consisted of Defendants' Lt. Robert E. Hughes ("Hughes"), officer Jason N. Hart ("Hart") and the approval Warden Richard Harrington ("Harrington") stemming from incident in paragraph-one(1) above — whereas, the Plaintiff's rights under the Due Process of Law and Equal Protection of Law of the const. were violated; and

4. Defendants Melissa Phoenix and Jane/John Doe(s) conspired to continued the deprivation of basic clothings at Menard to the Plaintiff that stemmed from the ripping of all his clothings he had on as indicated in paragraph-one(1) above that violated the Plaintiff's rights under the 8th Amd.'s Prohibition against cruel and unusual punishment with the Due Process and Equal Protection of Law under the const., Melissa Phoenix ("Phoenix") also covered all that up through the Grievance-Process as well as other property-issues the Plaintiff filed grievances on all connected or overlapped into incident in paragraph-one(1) above where she withheld them and never reported that and issues in all them that could had investigation and reliefs granted through all available legal forums; and

5. Defendants(s) Jane/John Doe(s) interfered with the Plaintiff's access to legal services in attacking legally the Disciplinary Report ("D.R.") written and reviewed as indicated above when he tried to get photo-copies from Menard's Library and presented to Grievance-officer Harrington grievances thereon that includes the Plaintiff being torture as indicated above whereas, the Plaintiff's rights under Due Process and Equal Protection of Law of the const. were violated; and

6. Finally, the Plaintiff requested injunction to get his Fan replaced and proper ventilation-system for healthy wellbeing against the Defendants S.A. GODINEZ, Randy Pfister and Jane/John Doe(s) due to they are only ones who provided or ordered thereof and who are responsible for the Plaintiff's welfare, which all were interfered through the Grievance-Process

-2-

in contrary to the Plaintiff's right the 8th Amdt's Prohibition against cruel and unusual punishment as well as Due Process and Equal Protection of Law under the Const. — whereas, the Plaintiff got a strong chance of success on merits with the fact there no disputed that it get hot alot that need health services and treatment (like alot of ice and cool-air-circulation).

## LEGAL AUTHORITIES/SUPPORT

The following give this Honorable Court authority to allow the Plaintiff's complaint to be granted in all respects:

1. First, pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3) Jurisdiction is not in disputed that the Court can review all matters in the Plaintiff's complaint that Supplemental Jurisdiction must be invoked because alot of the issues in the complaint are also governed by Illinois Authorities and laws that created a liberty and property interests with the fact given the awareness to the Defendants of what don't supposed to do and what they should do as well as certain facts of the complaint are grounded under both Federal and Illinois Jurisprudence (cf. 28 U.S.C. Section 1652); and

2. Secondly, pursuant to 28 U.S.C. Section 1391 et seq, all the issues in the complaint are connected to P.C.C. and Springfield in Illinois as well as Western Illinois Correctional Center in Mount Sterling where all the Defendants resided when issues occurred with exception of the Defendants of Menard but who all contributed to the violations of Plaintiff's rights stemming from the May 9, 2013 D.R. above where fan and ventilation carry-over to P.C.C. and where-ever the IDOC might placed the Plaintiff that IDOC is controlled from Springfield jail

3. As far as the Excessive Force and torture matters, these cases should be considered with some Illinois Laws, etc.:

(4.) IDOC's Rule 504 et seq. and 730 ILCS 5/3-7-4 with

-3-

730 ILCS 5/3-8-7 et seq. (especially, the part about corporal punishment prohibition) and 730 ILCS 5/1-1-2(a-d); and

(b) Doe v. Chandler, 438 F.3d 804 and Jones v. Huff (N.D.N.Y. 1992), 789 F. Supp. 526;

4. Now, as far as the fan and ventilation issues these cases should be considered with the property issues:

(a) Del Raine v. Williford, 32 F.3d 1024 at 1033 to 1038; and

(b) Freeman v. Department of Corrections (9th Cir. 1991), 949 F.2d 361; and

(c) Madyun v. Thompson, 657 F.2d 868;

5. All other issues besides the just above referred to, are well established in precedents, one only need to see alot of cases that cites Helling v. McKinney, 509 U.S. 25 and Sandin v. Conner, 515 U.S. 472 with the Equal Protection of Law (especially, dealing with prisoners like United States v. Jones, 696 F.3d 695 as comparison). Furthermore, the Plaintiff should be able to make amendments if they will allow him relief.

WHEREFORE, the Plaintiff wish that this Honorable court considered all the matters with it broad understanding of what the Plaintiff is entitled from his complaint in regards to allow pursuing the issues therein through the established civil adversary system.

Respectfully Submitted By:

_Bashir Omar_
Pro Se Plaintiff
BASHIR OMAR, #N-61783

Address: Pontiac C.C.
P.O. Box 99
Pontiac, IL 61764