IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BASHIR OMAR,
    Plaintiff,

VS.                    No. 3:15-cv-03130-SLD

MICHAEL ROBESON, ET AL.,
    Defendants.

SCANNED AT STATEVILLE CC and E-mailed
12-30-15 by BW  5 pages
date       initials  No.

PLAINTIFF'S RESPONSE/REPLY TO DEFENDANTS'
ANSWER AND AFFIRMATIVE DEFENSES AS EXTRA, ETC.

NOW COMES the Plaintiff, BASHIR OMAR and in the above entitled case as Pro Se, Response/Reply to the Defendants' Answer and Affirmative Defenses filed on November 24, 2015 beyond the Court's Pre-Trial orders for Discovery-Process and Summary Judgment Deadlines in June and July of 2016 respectively. In further Support thereof, the states as follows:

1. First, regarding the attached docket-texts hereto, the Court has already ordered dates for Discovery-Process and Summary Judgment, which makes docket-text extra. Plus, December 28, 2015 will be inadequate for Plaintiff...

2. However, the Defendants' Denial of the facts

- 1 -

in the Complaint for their answer is General Denial/Answer & without any affidavits from each defendant don't say much ..., because if they admitted they used Excessive Force, etc. (especially, when they intended harm and been covered up to this point...) they will probably be 'punished by criminal Law(s) and fired from their jobs. Plus, that don't mean excessive force wasn't used, especially if the Plaintiff can convinced the Trier of facts. E.g.: Hudson v. McMillian, 503 U.S. 1 and Wilkins v. Gaddy, — U.S. —, 130 S.Ct. 1175.

3. In addition to the above, there can't be any kind of Immunity to Excessive Force, that's core of the Plaintiff's complaint, as implied by Defendants' Affirmative Defense or Answer where is not established by Illinois or Federal authorities with the fact the Defendants cites no precedent(s) therefor. Furthermore, no-where in the Complaint's Facts and Legal points/positions is the Plaintiff suing the Defendants' in official capacities regarding Excessive Force with the fact they don't referred to how the Plaintiff suing them in their official capacities — whereas, Excessive Force goes beyond official capacities' actions.

4. Now, as far as 'Exhaustion of the Grievance Process' Defense for Defendants, as the Plaintiff

-2-

tried to show in the complaint that he placed a few grievances dealing with the Excessive Force, etc. in the Menard Correctional Center ("MCC") U.S. Mail-services in timely fashion where the Counselor(s), Library and others connected to Menard denied Plaintiff access to the court because they where required to assist the plaintiff in filing them grievances (especially, since deal with Excessive Force that requires investigation in fair and impartial way).

5. Finally, the Injunction requests might be obselete due to the court 'splitting' the claims in the complaint between the Central and Southern District courts with Amendment being pursue later in this court —— whereas, the Injunction could be only thing Defendants' official capacity Defense is based on, which injunction can be sought and granted against Defendants in their official capacities (see Jones' El v. Berge (W.D. Wis. 2001), 164 F. Supp. 2d 1096 while cf. City of Mesquite v. Aladdin's castle 455 U.S. 283 at 289 and U.S. v. Oregon State Medical Society, 343 U.S. 326 at 333). Also, see Calhoun v. DeTella, 319 F.3d 936.

WHEREFORE, at this stage and until the Discovery-Process are completed this Honorable court should denied the Defendants' Answer and Affirmative Defenses.

Respectfully Submitted By:

- 3 -

Butler-Winters, Tyneer

**From:** ECF_Returns@ilcd.uscourts.gov
**Sent:** Friday, December 11, 2015 3:19 PM
**To:** ECF_Notices@ilcd.uscourts.gov
**Subject:** Activity in Case 3:15-cv-03130-SLD Omar v. Robeson et al

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 12/11/2015 at 3:18 PM CST and filed on 12/11/2015
**Case Name:** Omar v. Robeson et al
**Case Number:** 3:15-cv-03130-SLD
**Filer:**
**Document Number:** 32

**Docket Text:**
SCHEDULING ORDER - Entered by Judge Harold A. Baker on 12/11/2015. The clerk is directed to correct the following defendants' names, as reflected in their answer: Books should be Matt Brooks; Volk should be Shawn Volk and Woodward should be Michael Woodward. Discovery closes June 15, 2016. Summary judgment motions are due July 15, 2016. (Attachments: # (1) Magistrate Consent Forms)(LN, ilcd)

**3:15-cv-03130-SLD Notice has been electronically mailed to:**

Matthew Tamul    mtamul@atg.state.il.us, bchestnut@atg.state.il.us, bmyers@atg.state.il.us, KTurnbull@atg.state.il.us, kwerth@atg.state.il.us, mabecker@atg.state.il.us

**3:15-cv-03130-SLD Notice has been delivered by other means to:**

Bashir Omar
N61783
STATEVILLE
Stateville Correctional Center
Inmate Mail/Parcels

1

Sartain, Brittany

| | |
|---|---|
| From: | ECF_Returns@ilcd.uscourts.gov |
| Sent: | Wednesday, December 09, 2015 10:42 AM |
| To: | ECF_Notices@ilcd.uscourts.gov |
| Subject: | Activity in Case 3:15-cv-03130-SLD Omar v. Robeson et al Motion for Extension of Time to File Response/Reply |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 12/9/2015 at 10:42 AM CST and filed on 12/9/2015
**Case Name:** Omar v. Robeson et al
**Case Number:** 3:15-cv-03130-SLD
**Filer:** Bashir Omar
**Document Number:** 31

F458

**Docket Text:**
MOTION for Extension of Time to File Response/Reply and Notice of Change of Address by Plaintiff Bashir Omar. Responses due by 12/28/2015. (LN, ilcd)

**3:15-cv-03130-SLD Notice has been electronically mailed to:**

Matthew Tamul    mtamul@atg.state.il.us, bchestnut@atg.state.il.us, bmyers@atg.state.il.us, KTurnbull@atg.state.il.us, kwerth@atg.state.il.us, mabecker@atg.state.il.us

**3:15-cv-03130-SLD Notice has been delivered by other means to:**

Bashir Omar
N61783
PONTIAC
CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 99
Pontiac, IL 61764

Stateville

1