UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BASHIR OMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-03130-SLD |
| ) | |
| MATT BROOKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center (Menard), filed suit under 42 U.S.C. § 1983, alleging excessive force and deliberate indifference to a serious medical need while he was an inmate at Western Illinois Correctional Center (Western). In October 2016, Defendants filed a motion for summary judgment. [d/e 60]. In December 2016, Plaintiff filed a "Motion to Deny Defendants' Motion for Summary Judgment" [d/e 66], which the Court construes as a response to Defendants' summary-judgment motion. Based on the pleadings, depositions, affidavits, and other supporting documents filed, Defendants' motion for summary judgment is GRANTED, in part, and DENIED, in part.

## I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the

burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once a properly supported motion for summary judgment is filed, the burden shifts to the non-moving party to demonstrate with specific evidence that a triable issue of fact remains for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence in support of the non-movant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252.

## II. BACKGROUND

Following an August 2015 merit review, the Court determined that Plaintiff had stated claims of excessive force and deliberate indifference to a serious medical need against Defendants Matt Brooks, Robert Fishel, Shawn Volk, and Michael Woodward, all of whom are Western correctional officers (officers). The Court *sua sponte* added John Doe as a Defendant.

## III. MATERIAL FACTS

### A. Plaintiff's Complaint

On May 9, 2013, Defendant Fishel conducted an unannounced search of several inmates. During that search, Fishel poked his finger on a pencil that remained in Plaintiff's pocket. Plaintiff then described how he was on his knees with his hands cuffed behind his back with pepper spray in his mouth, nose, and eyes, which prevented him from harming anyone.[1] Plaintiff

---

[1] Plaintiff does not explain the intervening events that caused him to be handcuffed and subjected to pepper spray.

alleged that while restrained he was (1) punched and kicked in the face several times by Fishel and Defendant Volk, (2) kicked in the groin by Defendant Woodward, (3) poked in his right eye by Volk, and (4) choked by several unknown officers. [d/e 1, p. 6].

Thereafter, officers picked Plaintiff up and escorted him to segregation, using his head to open doorways as Defendant Brooks hit him. Officers then forcefully removed the handcuffs and Plaintiff's clothing as they continued to kick and beat him. Plaintiff remained naked in segregation for a "few hours" and was transferred to Menard later that day. [d/e 1, p. 7].

### B. Plaintiff's Trial

At a May 2015 trial conducted by a Brown County, Illinois, trial court, a jury convicted Plaintiff of resisting or obstructing a correctional institution employee as a result of the May 9, 2013, incident. 720 ILCS 5/31-1(a-7) (West 2012)[2]. The pertinent evidence showed that Plaintiff stood six feet, six inches tall; weighed about 300 pounds; and was athletic. During Defendant Fishel's search of Plaintiff, a pencil pierced the webbing of his glove. Fishel took Plaintiff's pencil and issued him an "inmate disciplinary report." Plaintiff became increasingly angry, demanded the return of his pencil, and refused to return to his cell.

Defendant Fishel then ordered Plaintiff to place his hands on a wall and spread his legs. Plaintiff complied, but when Fishel attempted to restrain him, Plaintiff turned and struck Defendant Woodward's forehead with his elbow. When Fishel reached for his pepper spray, Plaintiff struck Fishel, breaking his eyeglasses. In response, Fishel administered a burst of pepper spray. Plaintiff resisted further by kicking, punching, and head-butting officers. About 14 officers arrived to subdue Plaintiff. Plaintiff continued struggling while escorted to the segregation unit.

---

[2] "A person convicted *** of this Section whose violation was the proximate cause of an injury to a *** correctional institution employee is guilty of a Class 4 felony."

3

A licensed nurse testified that after the May 9, 2013, incident, Plaintiff refused her attempt to obtain his vital signs and stated that he did not have pain. The nurse documented that Plaintiff had a "pea sized" abrasion to the right side of his head and a circular abrasion on his left hand that she cleaned. The nurse observed that Plaintiff did not exhibit any signs of distress.

### C. Plaintiff's Deposition

During his deposition, Plaintiff repeatedly refused to answer questions about the events that occurred when he was searched on May 9, 2013. For example, the following exchange occurred when Defendants' counsel asked Plaintiff to explain what happened during the search:

> "[PLAINTIFF]: I am not suing for the shakedown or what happened during the shakedown. I am suing for when they particularly [*sic*] had me in restraints with the cuff on.
>
> [DEFENDANTS' COUNSEL]: Okay. It's relevant, though, because it's leading to why you had the cuffs on.
>
> [PLAINTIFF]: It's not relevant to my Complaint. I object. I plead the Fifth.
>
> [DEFENDANTS' COUNSEL]: So you are not going to answer any questions about why you were in cuffs?
>
> [PLAINTIFF]: No, because I am not suing for that." [d/e 61-1, pp. 19-20].

After several further unsuccessful attempts to solicit testimony from Plaintiff about the events during Defendant Fishel's search, Defendants' counsel asked Plaintiff if he remembered the May 9, 2013, conversation he had with Fishel. Plaintiff responded "I told you anything that

[Defendants] said was false, and it was all dealt with in the criminal trial, and I said opposite to what [Defendants] said."

## IV. ANALYSIS

### A. Excessive Force

"The Eighth Amendment outlaws cruel and unusual 'punishments' not 'conditions[.]' " *Farmer v. Brennan*, 511 U.S. 825, 826 (1994). "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Id*. at 832. A Plaintiff raising an Eighth Amendment excessive-force claim "must show more than 'indifference,' deliberate or otherwise." *Id*. at 835. Instead, the "claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm." *Id*. "The use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Hudson v. McMillian*, 503 U.S. 1, 4, (1992).

Defendants argue that they are entitled to summary judgment because Plaintiff's excessive-force claim is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a Plaintiff may not raise a claim for relief under 42 U.S.C. § 1983 that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. *Id*. at 486. See *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the *Heck* doctrine to decisions made by prison disciplinary tribunals). In support of their position, Defendants contend that during his deposition, Plaintiff stated that he neither resisted nor disobeyed Defendant Fishel's orders, which necessarily implies the invalidity of his May 2015 conviction for obstructing a

5

correctional institution employee. The Court concludes that Defendants' have misconstrued Plaintiff's § 1983 complaint, and as a result, their reliance on *Heck* is misplaced.

As previously mentioned, Plaintiff's complaint omitted facts describing the events that occurred after he was searched by Defendant Fishel. In his response to Defendants' motion for summary judgment, Plaintiff averred that he "carefully crafted his complaint to exclude elements and facts in the criminal case." [d/e 66, p. 11]. Instead, Plaintiff excessive-force allegations were confined to events that occurred *after* he was subdued by Defendants. In this regard, Plaintiff alleged that Defendants used more force than was reasonably necessary to protect themselves from claims that he was unruly or resisting. As plead, Plaintiff's complaint does not implicate *Heck*. See *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing *Heck* or *Edwards*." (Emphasis in original.)). Similarly, the Court rejects Defendants' additional argument that Plaintiff's admissions during his deposition implicated *Heck*.

In *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010), the Seventh Circuit "extended the holding of *Gilbert* to a case in which the plaintiff's civil rights complaint, en route to alleging excessive force, denied that he had resisted arrest, though he had been convicted of that crime." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). The Plaintiff in *Evans* contended "(1) that he did not resist being taken into custody; (2) that the police used excessive force to effect custody; and (3) that the police beat him severely even after reducing him to custody." *Evans*, 603 F.3d at 364. The Seventh Circuit explained it did not understand the Plaintiff "to assert that he is advancing propositions (2) and (3) if and only if the district court accepts proposition (1)." *Id*. In his appellate brief, the Plaintiff informed the Seventh Circuit that he was willing to

proceed on proposition (3) alone. *Id*. In reversing the District Court's grant of summary judgment in the Defendants' favor, the Seventh Circuit concluded that "*Heck* prevents [the plaintiff] from prevailing in the § 1983 action on a position incompatible with the conviction, but the plaintiff need not adopt the defendants' view of what occurred in order to contest the degree of force used." *Id*.

As noted, on numerous occasions during his deposition, Plaintiff refused to answer questions about the specific facts underlying his criminal conviction, asserting that those facts were irrelevant to his excessive-force claim. Despite Plaintiff's stance, Defendants' counsel persisted in questioning Plaintiff on this point, which eventually led to Plaintiff's admission that Defendants had lied about his resistance. In his response to Defendants' motion for summary judgment, Plaintiff confirms that his excessive-force claim does not rely on facts underlying his May 2015 conviction. Thus, this Court may disregard Plaintiff's denial that he resisted Defendant Fishel. See *Elcock v. Whitecotton*, 424 Fed.Appx 541, 543 (7th Cir. 2011) (on remand in an excessive-force case, "the district court should either disregard portions of the complaint that deny [the Plaintiff's] misconduct, or direct [the Plaintiff] to file an amended complaint that omits any impermissible allegations."). Giving Plaintiff the benefit of all reasonable inferences, the Court concludes that his § 1983 complaint can be reasonably construed in a manner that does not implicate *Heck*. Accordingly, the Court denies Defendants' motion for summary judgment on Plaintiff's excessive-force claim.

### B. Deliberate Indifference

The deliberate indifference standard requires an inmate to satisfy a substantial threshold to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). This type of claim requires

a plaintiff to show an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer*, 511 U.S. at 834. An objectively serious medical condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the subjective component, a plaintiff must show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The Seventh Circuit has characterized this subjective standard "as imposing a high hurdle on plaintiffs because it requires a showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) (internal quotation marks omitted).

In their motion for summary judgment, Defendants contend that Plaintiff failed to satisfy his objective and subjective burden on his deliberate indifferent claim. Specifically, Defendants assert that the evidence shows Plaintiff sustained minor abrasion injuries, which cannot be objectively considered a serious risk of harm. Defendants also contend that Plaintiff does not offer any evidence showing that each Defendant knew of and disregarded an excessive risk of serious harm as contemplated by the Eighth Amendment.

In his response, Plaintiff alleges generally that Defendants "deprived [him] of medical treatment for his injuries/pain." [d/e 66, p. 2]. Without more, however, Plaintiff does not create a genuine dispute sufficient to defeat Defendants' motion for summary judgment on this issue. Therefore, the Court grants Defendants' motion for summary judgment on Plaintiff's deliberate-indifference claim.

## V. QUALIFIED IMMUNITY

Because the Court has granted summary judgment in Defendants' favor on Plaintiff's deliberate-indifference claim, the Court need not address Defendants' claim regarding their entitlement to qualified immunity on this issue. *Van den Bosch v. Raemisch*, 658 F.3d 778, 787, n. 9 (7th Cir. 2011). However, Plaintiff's excessive-force claim is another matter.

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court mandated a sequential two-step process for resolving government officials' qualified immunity claims. First, the Court must decide in the light most favorable to the Plaintiff, whether the facts alleged show a violation of the constitutional right. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id*. If a violation could be shown, "the next, sequential step is to ask whether the right was clearly established. *Id*. Individual officers are liable if they violate clearly established law that a reasonable officer should know. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).

In *Pearson v. Callahan*, 555 U.S. 223 (2009), however, the Supreme held that "the *Saucier* procedure should not be regarded as an inflexible requirement and that petitioners are entitled to qualified immunity on the grounds that [the law] was not clearly established at the time of the search that their conduct was unconstitutional." *Id*. at 227. "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' " *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The Court finds Defendants' assertion that they are entitled to qualified immunity on Plaintiff's excessive-force claim unpersuasive. Defendants argue that the case law is clear that

the core judicial inquiry in determining whether an official used constitutional force is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 6-9. Defendants claim that the record clearly shows the force they used was necessary to maintain and restore discipline. However, on summary judgment, the Court must construe facts in the light most favorable to the non-moving party, and draw all reasonable inferences in Plaintiff's favor.

In this case, the aforementioned genuine dispute between the parties concerns the propriety of the force Defendants employed after Plaintiff was restrained, which Plaintiff alleges was excessive. Resolving the disputed facts in Plaintiff's favor, Defendants are not entitled to qualified immunity at this stage of the proceedings. See *Lewis v. Downey*, 581 F. 3d 467, 479 (7th Cir. 2009) (rejecting Defendant's claim that he was entitled to qualified immunity because a genuine dispute existed regarding whether Defendant used excessive force when Plaintiff did not immediately comply with Defendant's order to exit his bunk). After the jury determines the facts underlying their affirmative defense, Defendants may renew their qualified immunity claim on this issue, if warranted.

**IT IS THEREFORE ORDERED**:

1) **Defendants' Motion for Summary Judgment [d/e 60] is GRANTED, in part, and DENIED, in part. Specifically, the Court grants Defendants' summary-judgment motion on Plaintiff's deliberate-indifference claim and denies Defendant's summary-judgment motion on Plaintiff's excessive-force claim.**

2) **The Court declines to enter a judgment on Plaintiff's December 2016 filing titled, "Motion to Deny Defendants' Motion for Summary Judgment" [d/e 66], which the Court construes as Plaintiff's response to Defendants' motion for summary judgment.**

3) **Because Defendants' motion for summary judgment did not challenge the merits of Plaintiff's excessive-force claim, the Court refers this case to Magistrate Judge Jonathan E. Hawley for a settlement conference.**

Entered this 15th day of September, 2017.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE