UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BASHIR OMAR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15-cv-3130-JEH |
| ) | |
| ROBERT FISHEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This matter is now before the Court on Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial (Doc. 171) and Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 170). For the reasons stated below, Defendants' Motion is DENIED, and Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court awards $45,000 in attorneys' fees and a reduced amount of $3,572.20 in costs to Plaintiff.

### BACKGROUND

On April 30, 2015, Plaintiff Bashir Omar, while in the custody of the Illinois Department of Corrections ("IDOC"), filed suit against correctional officers Robert Fishel, Shawn Volk, Matt Brooks, and Michael Woodward under 42 U.S.C. § 1983, alleging claims of excessive force and deliberate indifference to a serious medical need as a result of events that occurred after an unannounced search at Western Illinois Correctional Center on May 9, 2013. (Docs. 1 and 20). After restraining Plaintiff in handcuffs during the course of that search, Defendants allegedly punched and kicked him in the body and

1

face. Defendants continued to punch and beat him as they escorted him to the segregation unit, forcibly removed his clothes, and left him unclothed in a segregation cell for hours.

On October 31, 2016, Defendants moved for summary judgment on both claims. They asserted that Plaintiff's excessive force claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff was convicted of resisting or obstructing a correctional officer following a trial and disciplined by the IDOC Adjustment Committee for assaulting prison staff and disobeying a direct order. (Docs. 60, 120-1, and 122-1). The Court denied Defendants' motion for summary judgment on Plaintiff's excessive force claim upon finding that his complaint could be construed in a manner that would not implicate *Heck.* (Doc. 70 at 7). The Court granted summary judgment in favor of Defendants on Plaintiff's deliberate indifference claim.

On April 18, 2022, the case proceeded to a jury trial on Plaintiff's excessive force claim. After the evidence was presented, the Court denied Defendants' oral motion for judgment as a matter of law. On April 19, 2022, the jury returned a verdict in favor of Plaintiff and against Defendants Fishel and Volk, but against Plaintiff and in favor of Defendants Brooks and Woodward. (Doc. 164). The jury awarded Plaintiff $15,000 in compensatory damages and $7,500 in punitive damages against both Fishel and Volk, for a total award of $30,000. *Id.* Plaintiff now moves for attorneys' fees and costs. (Doc. 170). Defendants Fishel and Volk move for judgment as a matter of law under Rule 50(b) or, in the alternative, for a new trial under Rule 59(a). (Doc. 171). This Order now follows.

## ANALYSIS

### I. Motion for Judgment as a Matter of Law under Rule 50(b)

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 50(a)(1)(A)–(B). "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." *Id.* at (a)(2). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id.*

"If the court does not grant a motion for judgment as a matter of law under Rule 50(a) . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." *Id.* at (b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.*

"Judgment as a matter of law is proper only if a reasonable person could not find that the evidence supports a decision for a party on each essential element of the case, viewing the evidence in the light most favorable to the nonmovant." *Campbell v. Peters*, 256 F.3d 695, 699 (7th Cir. 2001) (citing *Jones v. Western & Southern Life Ins. Co.*, 91 F.3d 1032, 1036 (7th Cir. 1996)). When considering a renewed motion for a judgment as a

matter of law, the court does not assess credibility or weigh the evidence. *Thorne v. Member Select Ins. Co.*, 882 F.3d 642, 644 (7th Cir. 2018). The evidence is construed "strictly in favor of the party who prevailed before the jury." *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012). "But a verdict supported by no evidence or a mere scintilla of evidence will not stand." *Martin v. Milwaukee Cnty.*, 904 F.3d 544, 550 (7th Cir. 2018) (citing *Thorne*, 882 F. 3d at 644). "In other words, [the court's] job is to decide whether a highly charitable assessment of the evidence supports the jury's verdict or if, instead, the jury was irrational to reach its conclusion." *May v. Chrysler Grp., LLC*, 716 F.3d 963, 971 (7th Cir. 2013).

Defendants argue that they are entitled to judgment as a matter of law because Plaintiff's claims are barred by *Heck*, in which the Supreme Court held that a plaintiff may not raise a claim for relief under § 1983 that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. 512 U.S. at 486; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the *Heck* doctrine to decisions made by prison disciplinary tribunals). This rule prohibits an inmate from challenging a finding from either a criminal case or disciplinary proceeding that was essential to the decision in either of those actions. *See, e.g., Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Although it is possible for a claim of excessive force to survive *Heck*, a suit that rests on a version of events that completely negates the basis of conviction is *Heck*-barred. *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008); *Tolliver v. City of Chicago*, 820 F.3d 237, 239 (7th Cir. 2016). If there is nothing inherently contradictory about the crime and the later civil suit, then the suit may

proceed. *Id*. at 243. A plaintiff is allowed to remain "agnostic" in his civil rights case about the findings in a criminal or disciplinary proceeding but cannot deny or call into question those prior findings. *Moore*, 652 F.3d at 724 (citing *Gilbert*, 512 F.3d at 902).

Defendants claim that Plaintiff improperly painted himself as a victim, even though he was barred from challenging that he was the aggressor, disobeyed orders, and resisted Defendants' efforts to handcuff him. According to Defendants, Plaintiff repeatedly discussed and challenged the conduct that occurred *before* he was handcuffed. Although this Court attempted to limit the evidence to events that occurred *after* Plaintiff was handcuffed, Defendants argue that the blurred lines amounted to an inappropriate collateral attack on his convictions and relevant discipline.

Defendants note that Plaintiff's testimony began by describing his entry into a prison building foyer, where the incident on May 9, 2013 began. (Doc. 168 at 45). He also testified that he was searched and pepper sprayed, but these events were not in dispute. *Id.* at 46-48. Plaintiff then testified that he was lying on the ground, handcuffed, and that Fishel and Volk grabbed his eye, Woodward kicked him in the groin, and all the Defendants beat him. *Id.* at 50-54. Defendants state that although Plaintiff's counsel was careful to tie the testimony to conduct occurring while he was handcuffed, by discussing the undisputed events (*e.g.,* the search, pepper spray, etc.), Plaintiff's testimony was less agnostic and more selective as to what transpired. Defendants claim that Plaintiff's testimony implied that his conviction and discipline were invalid and that his entire excessive force claim should have been dismissed as *Heck*-barred.

As Plaintiff notes in his Response, ample Seventh Circuit authority supported allowing Plaintiff to proceed on his excessive force claim. *See VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) (conviction for resisting an officer does not bar claim based on excessive force after plaintiff was subdued); *Gilbert*, 512 F.3d at 901 ("Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but whether the force was reasonable is a question that may be litigated without transgressing *Heck*."); *Evans v. Pokson*, 603 F.3d 362, 364 (7th Cir. 2010) (holding that *Heck* did not bar plaintiff's claims that "the police used excessive force to effect custody" or that "the police beat him severely even after reducing him to custody").

Before Plaintiff testified at trial, the Court instructed the jury about the distinction between what occurred *before* Plaintiff was handcuffed and what transpired *after* he was restrained. (Doc. 168 at 37:18-25; 38:1-3). After the close of evidence, the Court again instructed the jury that the excessive force claim only pertained to the period of time *after* Plaintiff was handcuffed. (Doc. 169 at 275:21-25; 276:1-13). Jury instruction #22A stated:

> You will [re]call that I previously instructed you that Plaintiff has been previously found to have resisted or obstructed a correctional officer before the Defendants handcuffed and restrained Plaintiff in the course of the May 9, 2013 search. But that does not mean that Defendants did not subsequently use excessive force against Plaintiff. The issue in this case is whether Defendants used excessive force after Plaintiff was handcuffed and restrained.

(Doc. 163 at 22). In addition, Plaintiff consistently claimed at trial that Defendants used excessive force *after* he was restrained. (*See, e.g.*, Doc. 168 at 20:7-10) ("[P]rison guards beat the plaintiff, Bashir Omar, even though he was handcuffed and posed no threat"); (*Id.* at 23:25-24:21) (although Mr. Omar was found to have resisted correctional officers,

6

"[t]his case concerns what the officers did next" after he was restrained). Plaintiff never denied resisting or obstructing a correctional officer. Instead, he testified that Defendants beat him after he was handcuffed and restrained. His testimony does not conflict with his conviction or the disciplinary proceedings. Therefore, the Court finds that Plaintiff's excessive force claim was not barred by *Heck*. Defendants' Motion for Judgment as a Matter of Law is DENIED.

## II.     Motion for a New Trial under Rule 59(a)

Alternatively, Defendants move for a new trial under Rule 59(a). Defendants argue that they are entitled to a new trial because (1) the Court's *Gilbert* instruction lacked sufficient background information, and (2) the Court's limits on the extent to which Defendants could elicit testimony about what occurred before Plaintiff was handcuffed rendered the trial unfair.

Under Rule 59(a), a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). "A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). In ruling on a motion for a new trial, the court may weigh the evidence, assess the credibility of witnesses, "and the comparative strength of the facts put forth at trial." *Meija v. Cook Cnty., Ill.*, 650 F.3d 631, 633 (7th Cir. 2011). "To win a new trial based on an erroneous jury instruction, the [moving party] must show both that the instructions did not adequately state the law and that the error was prejudicial to them because the jury was likely to be confused or

7

misled." *Boyd v. Illinois State Police*, 384 F.3d 888, 894 (7th Cir. 2004) (citing *Gile v. United Airlines, Inc.*, 213 F.3d 365, 375 (7th Cir. 2000)). "[E]ven if the jury instruction was patently incorrect, [the moving party] still must establish that it was prejudiced by the improper instruction." *Id*. A jury instruction is prejudicial when "considering the instructions as a whole, along with all of the evidence and arguments, the jury was misinformed about the applicable law." *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001).

### A. Jury instruction.

First, Defendants argue that the Court erred by giving the very limited *Gilbert* instruction Plaintiff offered instead of the instruction Defendants offered and, as a result, the Court misled and confused the jury, failed to present adequate background, and "sanitized the nature of Plaintiff's actions." (Doc. 171 at 8).

Defendants assert that their proposed instruction closely tracked the language from *Gilbert* and provided the full background to the jury. Defendants' instruction stated:

> It has already been determined that Plaintiff disobeyed direct orders, physically resisted staff attempts to restrain him, and assaulted prison staff by swinging at them and striking them. Any statements to the contrary by Plaintiff or a witness must not be credited. What you must do is determine whether the Defendants applied force maliciously and sadistically after Plaintiff was restrained.

(Doc. 139 at 5). Over Defendants' objection, the Court gave a modified version at the beginning of trial and again at the close of evidence. (Doc. 163 at 22, Instruction #22A, *supra*). Defendant argues that in *Gilbert*, the Seventh Circuit explicitly stated that *Heck* and *Edwards* were to be implemented through instructions given to the jury "at the start of

8

trial, as necessary during the evidence, and at the close of the evidence." 512 F.3d at 902. The *Gilbert* court stated: "It would have sufficed to tell the jurors that Gilbert struck the first blow during the fracas at the chuckhole, that any statements to the contrary by Gilbert (as his own lawyer) or a witness must be ignored, and that what the jurors needed to determine was whether the guards used more force than was reasonably necessary to protect themselves from an unruly prisoner." *Id.* Likewise, in *Viramontes v. City of Chicago*, the Seventh Circuit affirmed the giving of a jury instruction that included more detail as to the nature of the *Heck*-bar. 840 F.3d 423, 426-27 (7th Cir. 2016). The trial court in *Viramontes* read the instruction before and after the parties presented evidence and when it believed the testimony contradicted the conviction. *Id.* at 427. Defendants also claim that even when defense counsel raised a specific objection based on *Gilbert* as to the evidence presented by Plaintiff's witness, Shadrach Pitchford, the Court declined to instruct the jury as to the *Heck* issues and overruled the objection.

As Plaintiff correctly notes, Defendants failed to show they were entitled to a *Gilbert* instruction at all. *See Gilbert*, 512 F.3d at 902 (instruction necessary where plaintiff does not or cannot remain agnostic as to prior facts found against him); *see also Dixon v. City of Chicago*, 2017 WL 264488, at *2-3 (N.D. Ill. Jan. 20, 2017) (*Gilbert* instruction unnecessary and would have been prejudicial where plaintiff "never denied" the conduct underlying his conviction). During an earlier hearing, this Court stated that a *Gilbert* instruction is only required if the plaintiff testifies in a manner contrary to findings previously made against him (Doc. 145 at minute 12:55-14:06). Plaintiff never denied his conviction or discipline. Even if Defendants were entitled to a *Gilbert* instruction, the

9

Court's instruction #22A was not erroneous and adequately informed the jury of Plaintiff's conduct before being handcuffed and restrained. Defendants wanted more detail—that Plaintiff disobeyed direct orders and physically resisted attempts to restrain him—but courts have substantial discretion to craft their own instructions. *See Saathoff v. Davis*, 826 F.3d 925, 932 (7th Cir. 2016).

Even if the jury instruction should have contained more detail, Defendants fail to show that they were prejudiced. Defendants introduced extensive testimony and argument from counsel about their version of what occurred before Plaintiff was handcuffed. Plaintiff did not contradict the evidence about what occurred; instead, he argued that *after* being restrained, Defendants used excessive force. The Court's instruction, which stated that Plaintiff was found to have resisted or obstructed a correctional officer, negates any claim of prejudice. *See Kuberski v. Recreation Grp., Inc.*, 5 F.4th 775, 780 (7th Cir. 2021) (describing prejudice standard and finding no prejudice).

**B. Limitations on evidence Defendants were allowed to present regarding Plaintiff's *Heck*-barred conduct.**

Defendants also argue that a new trial is warranted because the Court prohibited them from explaining their version of the events by sustaining Plaintiff's objections, limiting the number of questions that could be asked, and cutting off the expected testimony during the witness examination. Defendant do not explain what additional evidence they would have submitted, however.

The Court placed limits on the amount of testimony regarding Plaintiff's pre-restraint conduct because such testimony would have been unfairly prejudicial under

10

Federal Rule of Evidence 403; however, the Court stated that some evidence about the pre-restraint conduct was permissible because a claim of excessive force requires considering "the totality of the circumstances." (Doc. 168 at 129-131). Courts may use Rule 403 to "avoid significant litigation on issues that are collateral to those required to be tried." *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990). Here, the Court properly balanced allowing the parties to present background information about what led to Plaintiff being restrained, and any error in limiting Defendants from introducing additional evidence was harmless. *See Jordan v. Binns*, 712 F.3d 1123, 1138 (7th Cir. 2013) ("As a general rule, errors in admitting evidence that is merely cumulative of properly admitted evidence is harmless.").

### III. Plaintiff's Motion for Attorneys' Fees and Costs

Plaintiff, as the prevailing party, seeks $45,000 in attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988. (Doc. 170). Defendants do not dispute the requested attorneys' fees of $45,000. (Doc. 171).

The Prison Litigation Reform Act limits the amount of a fee award in this case. Plaintiff may seek only $45,000 in fees—or 150% of the damages awarded. 42 U.S.C. § 1997e(d)(2). Plaintiff seeks only a small fraction of Plaintiff's counsel's lodestar—slightly more than 20%—even after applying the PLRA's separate, restrictive cap on hourly rates. § 1997e(d)(3). Plaintiff seeks an award far lower than the lodestar and Defendants do not dispute his request. Therefore, Plaintiff's request for attorneys' fees of $45,000 is granted.

Plaintiff also requests $3,810.20 in costs under Rule 54 and 28 U.S.C. § 1920 for witness fees, fees related to depositions and deposition transcripts, fees for serving a

11

subpoena, and fees for court admission. (Doc. 170 at 2, 14). Defendants also do not dispute the requested costs, except for attorney Jordan Rice's admission fee to the Central District of Illinois because Plaintiff seeks reimbursement for the full admission fee of $238.00 rather than for a *pro hac vice* fee. Plaintiff's request for Mr. Rice's admission fee is denied. *See Brown v. Colgate-Palmolive Co.*, No. 104CV-0782-DFH-WTL, 2006 WL 3197455, at *4-5 (S.D. Ind. May 17, 2006) ("No one has suggested that an attorney can charge to an opposing party the cost of lifetime admission to the bar or any fees needed to maintain such bar admission."). The total amount of costs awarded to Plaintiff is therefore $3,572.20.

**IT IS THEREFORE ORDERED:**

1. **Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial [171] is DENIED.**

2. **Plaintiff's Motion for Attorneys' Fees and Costs [170] is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $45,000 in attorneys' fees and $3,572.20 in costs.**

ENTERED: 2/1/2023

                                                       s/ Jonathan E. Hawley
                                                      Jonathan E. Hawley
                                                      United States Magistrate Judge